**DEPARTMENT OF PUBLIC WELFARE, STATE OF INDIANA, Appellant (Defendant Below),**

v.

**Jerry Wayne COUCH, Appellee (Plaintiff Below).**

No. 27S02–9212–CV–1042.

Supreme Court of Indiana.

Dec. 31, 1992.

---

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellant.

Edgar W. Bayliff, Bayliff, Harrigan, Cord & Maugans, P.C., Kokomo, for appellee.

Ind. Trial Lawyers Assoc. by Jeffrey A. Cooke, Cooke Laszynski & Moore, Lafayette, for amicus curiae.

DICKSON, Justice.

Faced with substantial injuries and damages sustained in a traffic accident with possible adverse liability, Jerry Wayne Couch, the plaintiff-appellee, settled with the opposing liability insurance company for $80,000 and then filed a declaratory judgment action to determine the extent to which the settlement recovery must be used to satisfy a lien of the defendant-appellant Department of Public Welfare ("DPW")[1] for payment of a portion of the plaintiff's medical expenses. The trial court determined that DPW was entitled to reimbursement in proportion to the plaintiff's recovery of his damages. The Court of Appeals reversed the trial court, finding that DPW should receive the full amount of its lien minus only attorney fees. *Department of Pub. Welfare v. Couch* (1992), Ind.App., 585 N.E.2d 1337. We grant transfer.

According to special findings of fact made by the trial court, the collision occurred on March 29, 1988, as the 19-year-old plaintiff, with a blood-alcohol level of .045%, was riding his bicycle at night without a headlamp the wrong way down a one-way street. He was struck by a vehicle operated by Daniel E. Gadberry, whose blood-alcohol level tested .12%. The plaintiff's resulting injuries and losses included fractured cervical vertebrae, pelvis, and left leg; a ruptured spleen; permanent impairment of 47 percent of his person as a whole; medical expenses of $61,335.59;

---

1. Beginning December 31, 1991, the Indiana Department of Public Welfare became known as the Division of Family and Children. Pub.L. No. 9–1991, sec. 137, 1991 Ind. Acts 1042.

pain and suffering; and loss of earning capacity. In its findings, the trial court determined that the plaintiff's damages totalled not less than $250,000 and that, because Gadberry had no significant assets, the plaintiff's maximum potential recovery was the $100,000 limit of Gadberry's automobile liability insurance policy. Expressly noting that in the event of trial of Couch's claim against Gadberry there was a possibility of comparative fault being assigned to Couch or to a non-party, thus reducing or precluding a recovery by Couch, the court found:

> That it was reasonable for plaintiff to settle his claim against Gadberry for the sum of eighty thousand dollars ($80,000) because of the one hundred thousand dollars ($100,000) liability policy limits and the presence of liability problems which might have resulted in a zero verdict.

Record at 185–86. Further finding that DPW had filed a notice of lien for its payment of $33,881.49 of plaintiff's medical expenses, the trial court applied the Indiana Comparative Fault Act, Ind.Code § 34–4–33–12 ("Section 12"), and found that DPW's lien "shall be diminished proportionately to the amount the victim's claim is diminished." Record at 186. Since the plaintiff's gross recovery without diminution for attorney fees and litigation expenses was $80,000 of his $250,000 in damages, the court reasoned, DPW should correspondingly receive a gross recovery of 8/25 ($10,841.92) of its lien. Record at 186.

In its appeal, DPW presents a single issue: whether or not Section 12 operates to reduce DPW's lien recovery when the case is settled and not tried. This provision states:

> If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:
>
> (1) By comparative fault; or
> (2) By reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause;
>
> the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

Ind.Code § 34–4–33–12. DPW concedes that its lien can be diminished under this provision but contends that such reduction applies only after the trial of a case and not to pre-trial settlements. Brief of Appellant to the Court of Appeals at 10, 11. It argues that Section 12 should be construed by reference to Ind.Code § 34–4–33–14 ("Section 14"), since repealed:

> In any action tried under this chapter, any subrogation or lien for collateral benefits received by the prevailing party shall be reduced by the ratio of the lower of the prevailing party's judgment or collected judgment to the amount of damages the trier of fact found the prevailing party to have sustained.

■ DPW interprets Section 14 as limiting the meaning of Section 12 by providing for the diminution of any subrogation right or lien only if the action were actually tried to judgment. Under this view the phrase "claimant's recovery" in Section 12 would include only judgment or collected judgment after trial. This narrow definition of "recovery" is inconsistent with its plain and ordinary meaning. In construing statutes, words are to be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Merit Bd. v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 235, 237. Typical of dictionary definitions of "recovery" are "[t]he regaining of something lost or taken away," The Random House College Dictionary 1104 (1984), and "[s]omething gained or restored in recovering," American Heritage Dictionary, Second College Edition 1035 (1976). In its plain and ordinary meaning, we find that "recovery" is not limited to sums received pursuant to judgment, but also includes amounts obtained by settlement in lieu of judgment for compensatory damages. Even in the statute

creating the DPW lien, the word "recovery" expressly refers to "judgment, compromise, or settlement." In pertinent part it provides:

> (a) Whenever:
>
> (1) The department pays medical expenses for or on behalf of a person who has been injured ... as a result of the negligence or act of another person; and
>
> (2) The person asserts a claim against the other person for damages resulting from the injury ...
>
> the department has a lien against the other person to the extent of the amount paid by the department, on any *recovery* under the claim, *whether by judgment, compromise or settlement.*

Ind.Code § 12–1–7–24.6 (emphasis added).[2]

Section 12 was included as part of the original 1984 Indiana Comparative Fault Act. As enacted, the proportionate reduction of subrogation claims and other liens required in Section 12 did not apply to liens under Ind.Code § 22–3–2–13 (worker's compensation) or Ind.Code § 22–3–7–36 (occupational disease). Pub.L. No. 174–1984, sec. 7, 1984 Ind.Acts 1472. Section 14 was not added until 1986, Pub.L. No. 201–1986, sec. 1, 1986 Ind. Acts 1959, and there is no indication of legislative intent as to the reason for its adoption. If the General Assembly had intended to restrict Section 12 to apply only to post-judgment recoveries, the more likely change would have been an amendment of Section 12 itself. Because Section 14 conspicuously omits the exclusion for Worker's Compensation Act and Occupational Disease Act liens, it appears intended to ameliorate the harsh application of those exclusions in Section 12— at least in comparative fault cases resulting in trial. This interpretation is reinforced by the fact that Section 14 was repealed effective July 1, 1990, as part of the same legislation that deleted the exceptions for worker's compensation and occupational disease claims from Section 12.

Pub.L. No. 121–1990, secs. 11 and 12, 1991 Ind. Acts 1956.

■ For these reasons, we conclude that the proportionate reduction specified in Section 12 applies to all recoveries, whether before or after trial, whether by judgment or settlement.

■ In the event claimants and lienholders are unable to agree as to the pro rata reduction to be applied, an action for declaratory judgment, as used in this case, is available. The Uniform Declaratory Judgment Act provides in part:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Ind.Code § 34–4–10–2. In such an action, the trial court must principally determine what amount of total damages would fully and fairly compensate for the claimant's resulting injuries and losses, irrespective of liability issues or judgment collectibility. It is this amount of full damages that is then to be compared to the settlement actually received to determine the "proportion [by which] the claimant's recovery is diminished" in accordance with Section 12.

■ Economic self-interest minimizes the likelihood that a claimant would agree to a grossly inadequate settlement thereby subjecting the subrogee or lienholder to an unfair proportionate recovery. However, to preclude this possibility, it is appropriate for the declaratory judgment court to assess, as occurred in this case, whether the claimant was reasonable in reaching a compromise settlement for less than the full damages. Various considerations likely relevant to this determination could include, for example, the risk to the claimant

---

**2.** This statute has since been repealed and replaced by Ind.Code § 12–15–8–2. Pub.L. No. 2–

1992, secs. 9 and 897, 1992 Ind. Acts 6 and 1268.

of partial or complete reduction of an award of full damages due to allocation of comparative fault, limited availability of liability insurance or sufficient assets to pay a resulting judgment, and the presence of factors personal to the plaintiff such as advanced age or frail health that could affect the prospects of recovery in the event of protracted litigation.

█ We perceive no reason to require the declaratory judgment court to make specific findings of fact as to the precise percentages of fault attributable to the plaintiff and each named or non-party defendant. The primary issue is not whether the claimant's settlement equalled what would have been awarded in the event of trial but whether the settlement was reasonable under the circumstances. If so, then the ratio of actual settlement to total damages will determine the proportion applicable to both the plaintiff and the subrogee or lienholder.

Transfer is granted. The opinion of the Court of Appeals is vacated. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN and KRAHULIK, JJ., dissent without opinion.