Antonio **PEDRAZA** by next friend Jose **PEDRAZA** and Lydia Pedraza, Appellants–Plaintiffs,

v.

Esther I. **GRANDE**, Appellee–Defendant,

**Indiana Family and Social Services Administration (FSSA), and Office of Medicaid Policy and Planning (OMPP), Appellees–Intervenors.**

No. 71A03–9807–CV–325.

Court of Appeals of Indiana.

May 24, 1999.

Jay Lauer, South Bend, Indiana, Attorney for Appellants.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellees.

Thomas C. Doehrman, Conour & Doehrman, Indianapolis, Indiana, Robert W. Fechtman, Severns Associates, Indianapolis, Indiana, Attorneys for Amicus Curiae.

## OPINION

FRIEDLANDER, Judge

Antonio Pedraza, by his next friends, Jose and Lydia Pedraza, appeals from a declaratory judgment entered by the St. Joseph Superior Court determining that the lien reduction statute in the Comparative Fault Act, Ind.Code Ann. § 34–4–33–12, now Ind.Code Ann. § 34–51–2–19 (the lien reduction statute), does not apply to Medicaid liens under state law. The primary issue presented in this appeal is whether the trial court erred in so determining.[1]

We reverse and remand.

---

1. Because we conclude that the trial court erred in determining that the lien reduction statute does not apply to Medicaid liens under state law, the issue whether the lien reduction statute is preempted by federal law must also be addressed. This court recently determined that federal Medicaid law does not preempt Indiana's lien reduction statute. *Matter of the Guardianship of Stephen E. Wade,* 711 N.E.2d 851 (Ind.Ct. App.1999).

The facts most favorable to the judgment are as follows. On October 23, 1992, Antonio Pedraza, a minor, was struck by a motor vehicle driven by Esther Grande. The Family and Social Services Administration (FSSA) and the Office of Medicaid Policy and Planning (OMPP) spent $16,604.91 on Antonio's medical care after the accident. Antonio eventually recovered from his injuries.

Antonio's parents, Jose and Lydia Pedraza, filed suit against Grande, alleging negligence. FSSA and OMPP filed a lien for the amount spent on Antonio's medical care. Because of problems with establishing liability (the only witness to the accident testified under oath that Grande could not have avoided hitting Antonio because he, without warning, ran out from between two parked cars), the Pedrazas agreed to settle the suit against Grande for $19,000, or approximately 20% of the value of their claim, which was estimated to be $100,000. The settlement was approved by the probate court, and Grande was dismissed from the lawsuit.

Before Grande was dismissed, the Pedrazas filed a motion for a declaratory judgment to reduce the Medicaid lien by 80%, pursuant to the lien reduction statute, on the ground that they had received only 20% of the value of their case against Grande in the settlement. FSSA and OMPP intervened in the lawsuit, arguing that the federal Medicaid statute does not permit such a reduction and that the lien reduction statute, which provides for a pro rata reduction of medical liens based upon the claimant's recovery from the tortfeasor, is preempted by the Supremacy Clause. The intervenors also argued that Ind.Code Ann. § 12–15–8–1 (West 1994) (the Medicaid lien statute) prevails over the lien reduction statute.

The trial court denied the Pedrazas' request to reduce the Medicaid lien and concluded that the proposed pro rata reduction was not permitted under Indiana law and that the preemption issue was moot.

The Pedrazas argue that the lien reduction statute required the trial court to reduce the Medicaid lien by 80% and that the trial court's determination that the Medicaid lien statute superseded the comparative fault statute is contrary to law. They claim that the court was under a duty to reconcile the two statutes so as to give effect to both. In addition, they claim that the lien reduction statute was enacted after IC § 12–1–7–24.6, which was the almost identical predecessor of the current Medicaid lien statute, and that the Legislature is presumed to have been aware of the Medicaid lien statute when it enacted the lien reduction statute. The Pedrazas claim that, even if there is an irreconcilable conflict between the statutes, the more recent statute, here, the lien reduction statute, controls. In addition, the Pedrazas argue that it was not the intent of the Legislature to deny plaintiffs and other injured victims any compensation for their injuries while Medicaid retains the total proceeds of any settlement, judgment, or insurance policy limits to satisfy its own lien. Finally, they argue that the lien reduction statute applies to Medicaid liens because Medicaid liens were not specifically excluded by the lien reduction statute.

The FSSA and OMPP argue that the lien reduction statute does not apply to Medicaid liens, that the Medicaid lien statute and the lien reduction statute are inconsistent, and that the Medicaid lien statute prevails over the lien reduction statute because the Medicaid lien statute applies specifically to Medicaid liens while the lien reduction statute applies to medical liens generally. The FSSA and OMPP also argue that the lien reduction statute is preempted by federal Medicaid law. They claim that, because state law conflicts with the federal Medicaid law, which requires states to seek full reimbursement of Medicaid expenditures for which third parties are responsible, the federal law governs.

In an amicus curiae brief,[2] the Indiana Trial Lawyers Association argues that the lien reduction statute is not preempted by federal Medicaid law because there is no irreconcilable conflict between federal Medicaid legislation and the lien reduction statute. It further argues that states are not forbidden by federal law to reduce Medicaid liens

2. The Indiana Trial Lawyers Association's Petition for Extension of Time to File Brief as Amicus Curiae is hereby granted.

pursuant to valid state statutes. It also claims that there is no irreconcilable conflict between the state Medicaid statute and the lien reduction statute and that Indiana should reduce Medicaid liens pursuant to our supreme court's decision in *Department of Pub. Welfare v. Couch*, 605 N.E.2d 165 (Ind. 1992).

■ Statutory interpretation is a question of law to which we owe the trial court no deference. *Montgomery v. Estate of Montgomery*, 677 N.E.2d 571 (Ind.Ct.App.1997). We review questions of law and the trial court's legal conclusions under a de novo standard, and we will substitute our judgment for the trial court's if necessary. *Id.*

■■ "Our foremost objective in construing a statute is to determine and give effect to the intent of the legislature." *WorldCom Network Servs., Inc. v. Thompson*, 698 N.E.2d 1233, 1238 (Ind.Ct.App.1998), *trans. denied.* *See also Robinson v. Zeedyk*, 625 N.E.2d 1249 (Ind.Ct.App.1993), *trans. denied.* It is generally presumed that "the Legislature in enacting a particular piece of legislation has in mind existing statutes covering the same subject." *Citizens Action Coalition of Indiana, Inc. v. Public Serv. Comm'n of Indiana*, 425 N.E.2d 178, 184 (Ind.Ct.App.1981). "The most recent expression of legislative intent should therefore control." *Id.*

■ Where two statutes are apparently inconsistent but can be rationalized so as to give effect to both, it is the duty of this court to do so. *Robinson*, 625 N.E.2d 1249. "It is only when there is an irreconcilable conflict that we will interpret the legislature to mean that one statute must give way to another." *Id.* at 1251.

> Statutes relating to the same general subject matter are in pari materia and should be construed together. Statutes are to be construed in connection and in harmony with the existing law and as part of a general and uniform system of jurisprudence.

*Irving Materials, Inc. v. Board of Comm'rs of Johnson County*, 683 N.E.2d 260, 262 (Ind. Ct.App.1997), *trans. denied.*

In our view, the Medicaid lien statute and the lien reduction statute are *in pari materia* and can be construed to give effect to both. The Medicaid lien statute provides:

> Whenever:
>
> (1) the office pays medical expenses for or on behalf of a person who has been injured or has suffered an illness or a disease as a result of the negligence or act of another person; and
>
> (2) the injured or diseased person asserts a claim against the other person for damages resulting from the injury, illness, or disease;
>
> the office has a lien against the other person, to the extent of the amount paid by the office on any recovery under the claim, whether by judgment, compromise, or settlement.

IC § 12–15–8–1.[3] As the express language of the above statute provides, whenever Medicaid funds are used to pay medical expenses for a person who has been injured or has suffered an illness or a disease resulting from the negligence or act of another person, the FSSA and OMPP have a lien against the other person *to the extent of the amount paid by the office* on any recovery under the claim.

The lien reduction statute, formerly IC § 34–4–33–12, was enacted effective January 1, 1985. As originally enacted, the lien reduction statute contained an exception for worker's compensation and occupational disease liens. *See* Ind.Code Ann. § 34–4–33–12 (Burns Supp.1984). The lien reduction statute no longer contains those exceptions, and it has never contained an exception for Medicaid liens.[4] It now provides:

> If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries

---

3. The original Medicaid lien statute, IC § 12–1–7–24.6, was adopted effective June 30, 1982. *Indiana Dep't of Pub. Welfare v. Guardianship of McIntyre*, 471 N.E.2d 6 (Ind.Ct.App.1984).

4. IC § 34–4–33–12 was repealed by P.L. 1–1998, § 221 and recodified with no textual changes as IC § 34–51–2–19 by P.L. 1–1998, § 47.

or death and the claimant's recovery is diminished:

(1) by comparative fault; or

(2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause;

the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

IC § 34–51–2–19. Construing the Medicaid lien statute and the lien reduction statute *in pari materia* and giving effect to both statutes,[5] we conclude that the Legislature intended that the FSSA and OMPP have a lien to the extent of the Medicaid funds expended by the office, except where the claimant's recovery is diminished by comparative fault or by the uncollectibility of the full value of the claim resulting from limited liability insurance or from any other cause. In such instances (where the claimant's recovery is diminished), the lien is then diminished by the same proportion that the claimant's recovery is diminished. Thus, because Pedraza's recovery was diminished by 80%, the Medicaid lien in this case should likewise be reduced by 80%.

The result we reach today is consistent with our supreme court's decision in *Department of Pub. Welfare v. Couch*, 605 N.E.2d 165, and this court's recent decision in *Matter of the Guardianship of Stephen E. Wade*, 711 N.E.2d 851 (Ind.Ct.App.1999).

The plaintiff in *Couch* sustained substantial injuries and suffered damages as a result of a traffic accident, and the Indiana Department of Public Welfare (DPW) paid a portion of Couch's medical expenses. Couch settled with the opposing party's insurer and thereafter filed a declaratory judgment to determine the extent to which the settlement recovery must be used to satisfy the DPW's lien. The issue presented in *Couch* was whether the lien reduction statute operated to reduce the DPW's lien recovery when the case was settled and not tried. The court concluded that "the proportionate reduction specified in [the lien reduction statute] applies to all recoveries, whether before or after trial, whether by judgment or settlement." *Department of Pub. Welfare v. Couch*, 605 N.E.2d at 168.

The facts of the *Wade* case are as follows. Stephen Wade, a pedestrian, was struck by an automobile being driven by Leah Kopp on April 2, 1994. Wade suffered severe and permanent injuries that rendered him incapacitated and resulted in the appointment of a guardian. By April 1, 1996, Medicaid had paid more than $200,000 towards Wade's medical expenses. The FSSA filed a notice of its intent to place a lien for the amount of money paid by Medicaid on any funds that Wade might receive as a result of contract, judgment, or compromise. Wade thereafter received a settlement from Kopp's liability insurer for the policy limit of $100,000. Asserting that the reasonable value of Wade's claim exceeded $3,000,000, Wade's guardian filed a petition to reduce the amount of FSSA's lien pursuant to the lien reduction statute. The trial court granted Wade's petition to reduce the lien, and the FSSA appealed to this court. This court affirmed, determining that the trial court did not err in granting Ward's petition to reduce FSSA's Medicaid lien. *Wade*, 711 N.E.2d 851.

Judgment reversed.

KIRSCH and MATTINGLY, JJ., concur.

---

**5.** Even if we could not harmonize the two statutes so as to give effect to both, the lien reduction statute, which was enacted after the Medicaid lien statute, would prevail. *See Citizens Action Coalition of Indiana, Inc. v. Public Serv. Comm'n of Indiana*, 425 N.E.2d 178.