**FAMILY AND SOCIAL SERVICES ADMINISTRATION, Appellant–Intervenor,**

**v.**

**Wayne SCHLUTTENHOFER and Chantal Schluttenhofer, Appellees–Plaintiffs.**

No. 91A02–0010–CV–638.

Court of Appeals of Indiana.

June 22, 2001.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Charles R. Vaughan, Vaughan and Vaughan, Linda H. Havel, Lafayette, IN, Attorneys for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant, Family and Social Services Administration (FSSA), appeals the trial court's grant of Appellees', Wayne and Chantel Schluttenhofer (hereinafter collectively referred to as "the Schluttenhofers"), Petition for Reduction of Medicaid Lien and Request for Declaratory Judgment.

We affirm.

### ISSUE [1]

FSSA raises one issue on appeal, which we restate as follows: whether the trial court erred in reducing its Medicaid lien held against the Schluttenhofers.

### FACTS AND PROCEDURAL HISTORY

The facts relevant to our disposition are as follows. On September 11, 1997, Wayne Schluttenhofer stopped his vehicle to assist a fellow motorist, Terry Snodgrass (Snodgrass), whose vehicle was disabled on State Road 18 in White County, Indiana. While assisting Snodgrass, Wayne's vehicle was struck by James Budreau (Budreau), who was driving eastbound on State Road 18. The collision of Budreau's vehicle into Wayne's vehicle caused Wayne's vehicle to move forward and to the right. As a result, Wayne was "pinned" between his vehicle and a guardrail. (R. 13). Wayne suffered massive trauma to his legs, and a subsequent amputation above his right knee.

Because of insurance policy limits and anticipated problems with comparative fault issues that would arise at trial, the Schluttenhofers settled this case for $335,000.00, though its estimated value was approximately $3,500,000.00. Various defendants paid $325,000.00 of the settlement, and State Farm, the insurance company covering the vehicle that Wayne was driving on the day of the incident, paid $10,000.00.

Subsequently, on May 30, 2000, the Schluttenhofers filed their Petition for Reduction of Medicaid Lien and Request for Declaratory Judgment (Petition) under Ind.Code § 34–51–2–19, which provides:

> If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:
>
> > (1) by comparative fault; or
> >
> > (2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limit-

---

1. In its Appellant's brief, FSSA raises only one issue, which is stated above. In their Appellees' brief, the Schluttenhofers directly respond to the issue raised by FSSA. The Schluttenhofers also raise alternative arguments not discussed in FSSA's Appellant's brief. Because we find that FSSA's issue is dispositive, we need not discuss the Schluttenhofers' alternative arguments. Additionally, in its reply brief, FSSA discusses its original issue and the alternative arguments raised by the Schluttenhofers. However, FSSA also raises new issues not discussed in either Appellant's brief or Appellees' brief. In response, the Schluttenhofers filed a reply brief to the new issues raised by FSSA. Ind. Appellate Rule 46(C) provides: "[t]he appellant may file a reply brief responding to the appellee's argument. *No new issues shall be raised in the reply brief.*" (Emphasis added). Accordingly, we find that the new issues raised in FSSA's reply brief are inappropriate and will not be addressed in this opinion. Furthermore, we find that the Schluttenhofers' reply brief is also inappropriate. The Indiana Rules of Appellate Procedure do not allow for an appellee to file a reply brief under these circumstances. Therefore, the FSSA's motion to strike the Schluttenhofers' reply brief is granted.

ed liability insurance or from any other cause;

the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

Wayne was eligible for, and upon application received, medical assistance from FSSA in the amount of $63,245.24. FSSA then filed a Medicaid lien against Wayne for $63,245.24. In their Petition, the Schluttenhofers maintained that under Ind.Code § 34-51-2-19 the Medicaid lien must be diminished by the same proportion that their recovery was diminished. The Schluttenhofers asserted that their recovery was diminished by 90%. Thus, the Schluttenhofers argued that the Medicaid lien must be reduced to $6,324.53.

On June 28, 2000, the trial court entered an Order granting the Schluttenhofers' Petition. The trial court reduced the Medicaid lien from $63,245.24 to $6,324.53. FSSA did not respond to the Schluttenhofers' Petition, prior to the trial court's issuing this Order.

Thereafter, on July 31, 2000, FSSA filed a Motion to Set Aside Default Judgment. FSSA maintained that it was not served with process or otherwise made a party to the action. Additionally, FSSA argued that because no hearing was held on the Schluttenhofers' Petition, it was denied an opportunity to raise any meritorious claim or defense. Subsequently, the Schluttenhofers filed their response to FSSA's Motion to Set Aside Judgment (Motion) on August 2, 2000.

On August 24, 2000, the trial court held a hearing on FSSA's Motion. At the hearing, FSSA admitted to actually receiving notice of the Schluttenhofers' Petition, however, it still maintained that it was owed a hearing on the merits of the Peti-

tion. Even though, the trial court found that there was no requirement to have a hearing on the Schluttenhofers' Petition, the trial court allowed arguments on the merits of the Schluttenhofers' Petition. At this time, FSSA conceded that all but $10,000.00 of the Medicaid lien should be reduced by 90%. FSSA claimed that $10,000.00 of the Schluttenhofers' settlement could not be considered as part of the reduction because it consisted of $10,000.00 in medical payments coverage from Wayne's employer's automobile policy covering the vehicle that Wayne had been driving at the time of the collision. FSSA asserted that the $10,000.00 was not money received because of fault, and thus, was not subject to reduction under Ind. Code § 34-51-2-19. On the other hand, the Schluttenhofers argued that the $10,000.00 that they received from State Farm should be considered as part of the total recovery, insofar as diminishment is concerned under Ind.Code § 34-51-2-19.

On the same day, the trial court entered its Order and Declaratory Judgment for August 24, 2000. The court set aside its June 28, 2000 Order granting the Schluttenhofers' Petition. However, the trial court found that after the hearing on the merits of the Schluttenhofers' Petition, the $10,000.00 medical payment received by the Schluttenhofers was a part of the entire claim and was not separately reimbursable to FSSA on its Medicaid lien. Therefore, the trial court granted the Schluttenhofers' Petition and ordered that the Medicaid lien be reduced from $63,245.24 to $6,324.53.

FSSA now appeals.

### DISCUSSION AND DECISION

FSSA argues that the trial court erred in finding that its Medicaid lien against the medical payments Wayne Schluttenhofer

received from State Farm should be diminished under Ind.Code § 34–51–2–19. Specifically, FSSA contends that the $10,000.00 that Wayne received from State Farm was not reduced by either comparative fault or by uncollectibility.

 Statutory interpretation is a question of law to which we owe the trial court no deference. *Pedraza v. Grande,* 712 N.E.2d 1007, 1010 (Ind.Ct.App.1999). We review questions of law and the trial court's legal conclusions under a *de novo* standard, and, if necessary, we will substitute our judgment for the trial court's. *Id.* " 'Our foremost objective in construing a statute is to determine and give effect to the intent of the legislature.' " *Id.* (quoting *WorldCom Network Servs., Inc. v. Thompson,* 698 N.E.2d 1233, 1238 (Ind.Ct. App.1998), *trans. denied.*).

 In *Department of Public Welfare v. Couch,* 605 N.E.2d 165, 167 (Ind.1992), our supreme court found that " 'recovery' [under Ind.Code § 34–51–2–19] is not limited to sums received pursuant to judgment, but also includes amounts obtained by settlement in lieu of judgment for compensatory damages." Additionally, in *Pedraza,* 712 N.E.2d at 1011, this court discussed the Medicaid lien statute (Ind.Code § 12–15–8–1[2]) and the lien reduction statute (Ind.Code § 34–51–2–19) and concluded that the legislature intended that FSSA has a lien to the extent of the Medicaid funds expended by the office, except where the claimant's recovery is diminished by comparative fault or by the uncollectibility of the full value of the claim resulting from

limited liability insurance or from any other cause. Furthermore, in *In re Guardianship of Wade,* 711 N.E.2d 851, 855 (Ind. Ct.App.1999), this court held that "FSSA is entitled ,only to that portion of its lien that is not otherwise reduced by the application of Ind.Code § 34–51–2–19."

On the top right corner of the check from State Farm to Wayne, it states:

COVERAGE

MEDICAL PAYMENT

600–1 $10,000.00

(R. 33). Thus, FSSA asserts that the $10,000.00 check from State Farm is solely a medical payment and not a part of some settlement pot which is subject to the proportional reduction under Ind.Code § 34–51–2–19. It is FSSA's position that the proceeds from the State Farm policy, and all other medical pay provisions, are paid to the insured driver without regard to fault. Therefore, FSSA contends that the $10,000.00 from State Farm was not affected by comparative fault or uncollectibility.

"Our foremost objective in construing a statute is to determine and give effect to the intent of the legislature." *Pedraza,* 712 N.E.2d at 1010. Ind.Code § 34–51–2–19 refers to a "claimant's recovery." We cannot find that it was the intent of our legislature to dissect a claimant's settlement, finding that certain monies should be applied while others are not. Moreover, FSSA has offered no authority in support of such a proposition. Accordingly, we find that Ind.Code § 34–51–2–19

---

**2.** The Medicaid lien statute, i.e. Ind.Code § 12–15–8–1, provides:

"Whenever:
(1) the office pays medical expenses for or on behalf of a person who has been injured or has suffered an illness or a disease as a result of the negligence or act of another person; and

(2) the injured or diseased person asserts a claim against the other person for damages resulting from the injury, illness, or disease;
the office has a lien against the other person, to the extent of the amount paid by the office on any recovery under the claim, whether by judgment, compromise, or settlement."

requires us to examine a claimant's total recovery in relation to what that person should have received and what that person actually received. Therefore, we find that the trial court properly applied Ind.Code § 34–51–2–19 and reduced FSSA's Medicaid lien from $63,245.24 to $6,324.53.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly granted the Schluttenhofers' Petition for Reduction of Medicaid Lien and Request for Declaratory Judgment.

Affirmed.

SULLIVAN, J., and FRIEDLANDER, J., concur.