**FAMILY AND SOCIAL SERVICES ADMINISTRATION, Appellant (Intervenor Below),**

v.

**Wayne SCHLUTTENHOFER, Chantel Schluttenhofer, Appellees (Plaintiffs Below).**

**No. 91S02–0111–CV–594.**

Supreme Court of Indiana.

May 23, 2002.

Steve Carter, Attorney General of Indiana, Christopher L. LaFuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Charles R. Vaughan, Linda H. Havel, Lafayette, IN, Attorneys for Appellees.

## ON PETITION TO TRANSFER

BOEHM, Justice.

■ This case addresses the meaning of the word "claim," as it is used in Indiana's lien reduction statute. We hold that each claim to which a lien holder asserts subrogation rights must be evaluated independently of others that might arise from an injury. That was not done here. Therefore, we grant transfer and remand with instructions to reduce FSSA's lien to $15,324.52.

### Factual and Procedural Background

On September 11, 1997, Wayne Schluttenhofer stopped his employer's pickup truck to assist Terry Snodgrass, whose truck had been disabled after striking a deer on State Road 18 in White County. A car driven by James Budreau then collided with Schluttenhofer's vehicle, and pinned Schluttenhofer against a guardrail. Schluttenhofer suffered severe injuries that resulted in an amputation above his right knee. Schluttenhofer filed suit against Snodgrass, Budreau, and three other defendants associated with Budreau. In the meantime, Schluttenhofer received $63,245.24 in Medicaid payments from the Indiana Family and Social Services Administration ("FSSA"). FSSA filed a Medicaid lien in that amount pursuant to Indiana Code sections 12–15–8–1 and –2.[1] Schluttenhofer also received $10,000 from State Farm Mutual Insurance Company for medical payments under the policy covering his employer's vehicle. The only issue is the treatment of this last $10,000 under the lien reduction statute.

Before trial, Schluttenhofer settled with all of the defendants for a total of $325,000.[2] Schluttenhofer then filed a petition for reduction of the FSSA lien. Schluttenhofer contended, and FSSA does not dispute, that he settled his case for ten percent of his damages. Because his recovery was diminished by ninety percent, Schluttenhofer contended that the lien reduction statute required that FSSA's Medicaid lien be reduced by ninety percent as well. Initially, FSSA did not respond and the trial court granted Schluttenhofer's motion without a hearing. FSSA then filed a motion to set aside the trial court's order, which was granted. The trial court ruled, after a hearing on the merits, that a ninety percent reduction of the FSSA lien

1. Indiana Code section 12–15–8–1 provides:
   Whenever:
   (1) the office pays medical expenses for or on behalf of a person who has been injured or has suffered an illness or a disease as a result of the negligence or act of another person; and
   (2) the injured or diseased person asserts a claim against the other person for damages resulting from the injury, illness or disease;
   on any recovery under the claim, whether by judgment, compromise, or settlement, the office has a lien against the other person in the amount paid by the office to the extent of the other person's liability for the medical expenses.

   Section 12–15–8–2 states:
   Whenever:
   (1) the office pays for medical expenses or renders medical services on behalf of a person who has been injured or has suffered an illness or a disease; and
   (2) the person asserts a claim against an insurer as a result of that person's injury, illness, or disease;
   the office has a lien against the insurer, to the extent of the amount paid by the office, on any recovery from the insurer.

2. Snodgrass and his employer paid $75,000, Budreau paid $100,000, and the remaining defendants contributed $150,000.

was warranted. The Court of Appeals affirmed. *FSSA v. Schluttenhofer,* 750 N.E.2d 429 (Ind.Ct.App.2001).

## Application of the Lien Reduction Statute

◼ FSSA agrees with Schluttenhofer that, as to the medical expenses included in the $325,000 settlement with the defendants, its lien should be reduced by ninety percent, in effect prorating the shortfall of actual recovery versus total damages between FSSA and Schluttenhofer. However, FSSA contends that there should be no reduction of the $10,000 paid by State Farm. The lien reduction statute states:

> If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:
>
> (1) by comparative fault; or
>
> (2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause;
>
> the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

Ind.Code § 34–51–2–19 (1998). FSSA contends that the State Farm payment must be considered independently of the settlement payments for purposes of determining whether that amount was diminished by comparative fault or by reason of uncollectibility. FSSA reasons that the medical payments claim under Schluttenhofer's employer's policy, viewed separately, was not diminished by either comparative fault or uncollectibility, and no lien reduction should apply. Schluttenhofer responds that the statute refers to a claimant's recovery from all sources. He contends that the $10,000 from State Farm is to be aggregated with the $325,000 recovered from the defendants, resulting in a diminished total "claimant's recovery" of $335,000, and a proportional reduction of the lien. The Court of Appeals agreed with Schluttenhofer. We do not.

In a frequently encountered situation, the medical payments insurer is the party asserting the lien, which is prorated down if the injured party's liability claim against a third party is not fully paid. Here, however, the lien is against the payment from the medical payments insurer. Medicaid is a taxpayer supported program designed to fund medical expenses for those who cannot afford care. As a part of that program, the lien statute is designed to provide for the recovery of any payments that may later be reimbursed from another source. The net effect of Schluttenhofer's contention is to divert some of those funds from reimbursement of medical expenses to compensation for personal injuries. We do not believe the statute contemplates that result, and its provision that a "claim" must be reduced in order for a lien to be reduced supports the view that the Medicaid lien on the medical benefits reimbursement is not reduced because Schluttenhofer's claim under that policy was paid in full.

◼ Schluttenhofer argues that the lien reduction statute's use of the terms "comparative fault" and "uncollectibility" refer to the plaintiff's inability to recover "the full value of his case." The statute speaks in terms of the value of a "claim," not "case." A "claim" is an "assertion of an existing right." Black's Law Dictionary 240 (7th ed. 1999). As a result of his injuries, Schluttenhofer acquired rights to compensation that differed as to different parties, i.e., his "case" contained several "claims," as the term is used in the statute. Schluttenhofer expresses his settlement

with the defendants as one for $325,000. In actuality, there were five settlements: he settled his claim against Budreau for $100,000, his claim against Snodgrass for $75,000, and his claims against the three remaining defendants for a combined sum of $150,000. There is no basis to conclude that any of these claims was reduced to a greater or lesser extent than any others, so each is reduced in the same proportion, i.e. by ninety percent, representing the shortfall of the total of the five to his total damages.

Schluttenhofer also cites *Dep't of Pub. Welfare v. Couch,* 605 N.E.2d 165 (Ind. 1992) for the proposition that the phrase "claimant's recovery," as used in the lien reduction statute, means amounts received by the plaintiff from whatever source. From that, he contends that the statute requires a reduction from the sum of all monies received as a result of his injuries. We do not read *Couch* as Schluttenhofer suggests. *Couch* held that the lien reduction statute applied to the proceeds of settlement, as well as judgment. That opinion's discussion of the source of recovery referred to the means by which a plaintiff might receive money—settlement or judgment. It did not suggest that all "claims" are to be aggregated. In *Couch,* the settlement compensated the plaintiff's negligence claim less than fully. Here, on the other hand, Schluttenhofer had multiple "claims," one of which—his claim for $10,000 under the medical payments provision of the State Farm policy—was not reduced. That claim existed as a matter of contract law independent of his claims against the other parties, without regard to the negligence liability of any party, and was paid in full. Section 34-51-2-19 comes into play only when the recovery on a "claim" is diminished by comparative fault or uncollectibility of the claim's full value. It does not apply to the State Farm medical benefit because that claim was not diminished.

At the hearing on Schluttenhofer's petition, FSSA conceded the remainder of its lien should be reduced by ninety percent. Thus that amount of the FSSA lien—$53,245.24—is reduced by ninety percent to $5,324.52. The net result is FSSA's lien is for $15,324.52. The Court of Appeals stated that it "cannot find that it was the intent of our legislature to dissect a claimant's settlement, finding that certain monies should be applied while others are not." *Schluttenhofer,* 750 N.E.2d at 432. We agree that it is improper to attempt to allocate a portion of the funds paid to settle any or all of the liability claims to medical expenses, as opposed to pain and suffering or other items. But the statute requires that each claim be evaluated. To the extent any claim was diminished by comparative fault or uncollectibility, reduction of the lien is proper. Because there was no reduction of the State Farm claim, FSSA's lien is valued to the full amount of the claim against State Farm.

### Conclusion

We grant transfer and remand with instructions to reduce FSSA's lien from $63,245.24 to $15,324.52.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.