Thomas **KORNELIK**, Appellant–
Plaintiff,

v.

**MITTAL STEEL USA, INC., and,
Michael Rayson, Appellees–
Defendants,**

**Lafarge, N.A., Appellee–Intervenor–
Defendant.**

No. 45A03–1011–CT–583.

Court of Appeals of Indiana.

Aug. 10, 2011.

Robert D. Brown, Kenneth J. Allen & Associates, P.C., Valparaiso, IN, Attorneys for Appellant.

Paige C. Donaldson, Sanchez Daniels & Hoffman, LLP, Chicago, IL, Attorney for Appellee Lafarge North America, Inc.

F. Joseph Jaskowiak, Hoeppner Wagner & Evans, Merrillville, IN, Attorneys for Appellee Mittal Steel and Michael Rayson.

## OPINION

BAKER, Judge.

Today we decide whether an injured employee who settles with a third party for substantially less than the damages value of his claim without the consent of his employer or his worker's compensation carrier can subsequently reduce his lien arising under the Indiana Worker's Compensation Act by attorney fees and pro rata costs pursuant to Indiana Code section 22–3–2–13 and in the same proportion that his full recovery was reduced pursuant to Indiana Code section 34–51–2–19. We answer the first question in the affirmative, and the second in the negative.

Plaintiff-appellant Thomas Kornelik appeals the trial court's denial of his motion to correct error following the dismissal of his motion to adjudicate lien and for declaratory judgment. Specifically, Kornelik contends that the trial court erred in failing to reduce his worker's compensation lien by attorney fees and a pro rata share of costs as well as in the same proportion that his full recovery was reduced. Concluding that the trial court erred in failing to reduce Kornelik's lien by attorney fees and pro rata costs, but properly refused to reduce the lien in the same proportion that Kornelik's full recovery was reduced, we affirm in part, reverse in part, and remand with instructions for the trial court to reduce the lien by attorney fees and a pro rata share of costs.

Affirmed in part, reversed in part and remanded with instructions.

## FACTS [1]

On June 11, 2005, Kornelik was injured while performing maintenance on a slag processing system at Mittal Steel in East Chicago. Specifically, a flow of molten slag was released into the system, and Kornelik suffered third degree burns to his hands and face. At the time, Kornelik was employed by Lafarge. Lafarge's worker's compensation carrier, Liberty Mutual Insurance, paid Kornelik $108,253.97 in temporary total disability payments and medical expenses.

In November 2006, Kornelik filed a negligence action against Mittal and Rayson, one of Mittal's supervisors. In October 2009, a few weeks before the scheduled trial date, Kornelik reached a settlement with Mittal and Rayson. According to the Settlement Agreement (Agreement), Kornelik accepted $260,000 in full and final settlement of all claims. The Agreement further provided that Kornelik was responsible for the payment of all liens, including the worker's compensation lien for the benefits received from Lafarge. Lastly, the Agreement provided that the mediator found the damages value of the case, assuming 100% liability, could reasonably have exceeded two million dollars. The Agreement was reached without the consent of Lafarge or Liberty Mutual.

On October 28, 2009, Kornelik filed a motion to adjudicate lien and for declaratory judgment wherein he explained that upon the recommendation of the mediator, he had accepted a settlement that was substantially less than his actual damages because of the likelihood of Mittal and Raynard obtaining a favorable verdict based upon their defenses that 1) they were not negligent; 2) their negligence, if

1. We held oral argument in Indianapolis on July 18, 2011. We thank counsel for their able oral presentations.

any, was not a proximate cause of Kornelik's injury; and 3) the damages, if any, to which Kornelik was entitled had to be diminished by Kornelik's fault. Kornelik asked the trial court to reduce his worker's compensation subrogation lien by not less than 87%, the percentage that his recovery was reduced because of his alleged comparative fault and to reduce his worker's compensation lien by the carrier's pro rata share of litigation costs and one-third contingency fee to his counsel.

In December 2009, after being granted a motion to intervene, Lafarge filed a response in opposition to Kornelik's motion to adjudicate lien and for declaratory judgment wherein it argued that because Kornelik did not comply with the consent requirement of Indiana Code section 22–3–2–13, the trial court should order Kornelik to repay Lafarge the $108,253.97 worker's compensation lien, less only the pro rata share of expenses and the one-third contingency fee to Kornelik's counsel.

Also in December 2009, Kornelik, Mittal Steel, and Rayson stipulated to the dismissal of Kornelik's claims against Mittal Steel and Rayson. On January 14, 2010, the trial court granted the stipulation and dismissed the case. However, the court retained jurisdiction to adjudicate any and all liens.

In August 2010, the court issued an order denying Kornelik's motion to adjudicate Lafarge's liens. Specifically, the trial court concluded that pursuant to *Smith v. Champion Trucking Co., Inc.*, 925 N.E.2d 362 (Ind.2010), Kornelik's settlement was not enforceable as to Lafarge because Lafarge did not consent to the settlement. The trial court further explained that its January 14, 2010, order did not fully protect Lafarge because:

> the protection referred to in the statute requires full recovery under the terms of Paragraph 1 of I.C. § 22–3–2–13.

Anything less requires the consent of Lafarge and/or Liberty Mutual. The language of the order of dismissal does not fully indemnify or protect Lafarge. This can be seen by the Plaintiffs' request for a Declaratory Judgment to determine the proportion (if any) of the difference between the settlement amount herein and the full amount of damages determined by the Court's Declaratory Judgment. This scenario would diminish the amount of Lafarge's statutory lien because Plaintiffs without Lafarge's consent settled for less than the full amount of recovery for this claim. This is precisely what I.C. § 22–3–2–13 was enacted to prevent. Thus, anything less than the statutory lien under I.C. § 22–3–2–13 is not full protection and indemnification required by the Statute.

Appellant's App. p. 24–25. The trial court also dismissed Kornelik's motion for declaratory judgment.

On August 31, 2010, Kornelik filed an agreed motion to amend the order of dismissal. The motion explained that because the trial court ruled that the language of the January 14, 2010, order of dismissal did not fully indemnify or protect Lafarge such that the settlement was not enforceable against Lafarge, the parties to the underlying settlement agreement agreed to amend the order of dismissal in order to be explicit that the trial court's order protected Lafarge's lien.

On September 16, 2010, Kornelik filed a motion to correct error wherein he argued that the trial court's order was erroneous because the trial court's reliance on *Smith* was misplaced. Kornelik also argued that the trial court's order was inconsistent with both Indiana Code section 22–3–2–13 and Indiana Code section 34–51–2–19, and would "lead to absurd results." *Id.* at 95. On October 15, 2010, the trial court sum-

marily denied this motion. On November 5, 2010, the court granted Kornelik's amended order of dismissal, which provides in relevant part as follows:

It is further ordered that the total amount of the workers' compensation lien, $108,253.97, shall be held in trust by the plaintiff as full protection of the workers' compensation lien, pending further adjudication by this Court as to the total amount of the lien that must be paid to the workers' compensation carrier or employer after application of Ind. Code § 22–3–2–13 and Ind.Code § 34–51–2–19.

Appellant's App. p. 31. Kornelik appeals the denial of his motion to correct error.

### DISCUSSION AND DECISION

■ As a preliminary matter, we note that Lafarge makes a cursory argument that this appeal is subject to dismissal for lack of jurisdiction. In support of this argument, Lafarge cites *Mills v. Kimbley*, 932 N.E.2d 1230 (Ind.2010), a one-page Indiana Supreme Court order dismissing the appeal. In *Mills*, the trial court granted the appellee's summary judgment motion but did not dispose of the damages claim or pursuant to Indiana Trial Rule 54(B), include an express statement that there was no just reason for delay and direct entry of judgment as to fewer than all of the claims or parties. Therefore, the order was not a final judgment over which our Supreme Court had jurisdiction, and it dismissed the case.

*Mills*, however, is an inapposite summary judgment case. Here Kornelik followed the proper procedure by filing his motion to adjudicate the lien and for declaratory judgment. *See Principal Life Ins. Co. v. Needler*, 816 N.E.2d 499, 504 (Ind.Ct.App.2004) (stating that declaratory judgment action is appropriate to determine lien reduction). The trial court

concluded that the settlement was not enforceable against Lafarge, denied the motion to adjudicate the lien, and dismissed the declaratory judgment. In addition, because the order of dismissal disposed of the only remaining claim between Kornelik and Lafarge, who were also the only remaining parties, the order of dismissal was a final appealable order. *See In re T.B.*, 895 N.E.2d 321, 331 (Ind.Ct.App. 2008) (stating that a final judgment disposes of all issues as to all parties and leaves nothing for further determination). We now turn to the substance of Kornelik's appeal.

Kornelik contends that the trial court erred in denying his motion to correct error. Specifically he claims that the trial court should not have dismissed his declaratory judgment action because he was entitled to reduce Lafarge's lien by 33 1/3% for attorney fees and a pro rata share of costs pursuant to Indiana Code section 22–3–2–13 and in the same proportion that his full recovery was reduced pursuant to Indiana Code section 34–51–2–19.

■ We generally review the denial of a motion to correct error for an abuse of discretion. *Hawkins v. Cannon*, 826 N.E.2d 658, 661 (Ind.Ct.App.2005). However, where the issues raised in the motion are questions of law, the standard of review is de novo. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind.Ct.App. 2010), *trans. denied.* Here, Kornelik's motion to correct error raised questions regarding the interpretation and applicability of Indiana Code section 22–3–2–13 and Indiana Code section 34–51–2–19 to Lafarge's lien. Because the interpretation of a statute is a question of law, our standard of review is de novo. *See Barrett v. City of Brazil*, 919 N.E.2d 1176, 1178 (Ind.Ct. App.2010), *trans. denied.*

### A. Attorney Fees and Costs: Indiana Code section 22–3–1–13

■ Kornelik first contends that the trial court erred in refusing to adjudicate his lien and reduce it pursuant to Indiana Code section 22–3–2–13, which governs worker's compensation liens. The seventh paragraph of this section, in particular, provides:

> The employer or the employer's compensation insurance carrier shall pay its pro rata share of all costs and reasonably necessary expenses in connection with asserting the third party claim, action or suit, including but not limited to cost of depositions and witness fees, and to the attorney at law selected by the employee or his dependents, a fee of twenty-five percent (25%), if collected without suit, of the amount of benefits actually repaid after the expenses and costs in connection with the third party claim have been deducted therefrom, and a fee of thirty-three and one-third per cent (33 1/3%), if collected with suit, of the amount of benefits actually repaid after deduction of costs and reasonably necessary expenses in connection with the third party claim action or suit. . . .

■ This provision provides a plaintiff the opportunity to choose between worker's compensation benefits and third-party judgments in some situations, so that he might maximize his recovery. *Spangler, Jennings & Dougherty, P.C., v. Ind. Ins. Co.,* 729 N.E.2d 117, 121 (Ind.2000). If through settlement or litigation an employee obtains an amount that is more than the worker's compensation benefits, then the employee must reimburse the worker's compensation payor and keep the remainder of the judgment or settlement, thereby relinquishing all right to the compensation benefits. *Id.*

Here, because suit was filed, Kornelik argues the statute obligated Lafarge to reduce its lien by 33 1/3% for attorney fees and additionally for a pro rata share of costs. Kornelik points out that Lafarge previously admitted in its response in opposition to Kornelik's motion to adjudicate lien and for declaratory judgment that its lien must be reduced by such amounts. Lafarge also correctly conceded at oral argument that Kornelik is entitled to this reduction. We therefore remand this case to the trial court with instructions for it to reduce Lafarge's lien by 33 1/3% for attorney fees and additionally for a pro rata share of costs.

### B. Lien Reduction pursuant to Indiana Code section 34–51–2–19

Kornelik also argues that pursuant to Indiana Code section 34–51–2–19, the trial court erred by failing to reduce the lien in the same proportion that his full recovery was reduced. Specifically, this statute provides as follows:

> If a subrogation claim or other lien or claim that arouse out of payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:
>
> (1) By comparative fault; or
>
> (2) By reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from other cause;
>
> The lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

As originally enacted, this statute explicitly stated that it did not apply to liens that arose under Indiana Code section 22–3–2–13 of the Worker's Compensation Act. *Dep't of Pub. Welfare v. Couch,* 605 N.E.2d

165, 168 (Ind.1992). However, in 1990, the Indiana legislature amended this provision, removing the explicit reference to liens arising under the Worker's Compensation Act. *Id.*

Nevertheless, Lafarge contends that the trial court properly found that Kornelik's failure to obtain Lafarge's consent to the settlement as required by Indiana Code section 22–3–2–13 was an absolute bar to his request for a reduction of the lien pursuant to Indiana Code section 34–51–2–19. Specifically, Indiana Code section 22–3–2–13 provides in relevant part as follows:

> No release or settlement of claim for damages by reason of injury or death, and no satisfaction of judgment in the proceedings shall be valid without the written consent of both employer or the employer's compensation insurance carrier and employee or his dependents, except in the case of the employer or the employer's compensation insurance carrier, consent shall not be required where the employer or the employer's compensation insurance carrier has been fully indemnified or protected by court order.

In support of his contention, Lafarge directs us to *Smith,* 925 N.E.2d at 362, the case cited by the trial court. There, Smith was a truck driver employed by Champion. In 2003, he was injured in an accident with a third-party motorist. His initial medical expenses were paid by Champion's worker's compensation insurer. Smith subsequently settled with the third-party motorist for $10,342 in July 2005. According to Smith, he accepted the settlement because, although the motorist was 95% at fault for the accident, the motorist had only $12,000 in liability insurance. Champion had no notice of the settlement and did not consent to it. Smith's attorney paid 75% of the medical lien amount to Champion and retained 25% as the attorney fee authorized by the worker's compensation statute.

In August 2005, less than one month after the settlement, a neurosurgeon evaluated Smith as having suffered a potential permanent impairment, which would warrant an additional $26,500 in worker's compensation benefits. Champion moved to dismiss Smith's application for adjustment of claim, and the Worker's Compensation Board ruled in July 2008 that Smith's settlement with Bittner terminated Champion's liability pursuant to Indiana Code section 22–3–2–13.

Specifically, our Supreme Court held that despite the unfortunate result, "Paragraph 1 and Paragraph 2 of Section 13 of the WCA unequivocally impose a bright line rule that settlement with a third party without the employer's consent bars a worker's compensation claim." *Id.* at 367. The Supreme Court further explained that there are important reasons for the statutory scheme to insist that the employee obtain the employer's consent before settling with a third party. *Id.* First, such a rule eliminates satellite litigation over the adequacy of the settlement. *Id.* Second, notice and consent to settlement will not often be a burdensome requirement. *Id.* Although it may complicate and delay settlement negotiations in some circumstances, in many cases, the practical limits of recovery will be evaluated equally by both employee and employer. *Id.*

Third, Paragraph 9 of Section 13 includes a provision that settlements made without the written consent of the employer are invalid unless the employer is "indemnified or protected by court order." *Id.* The Supreme Court explained that the clear implication is that the employer's written consent to the third-party settlement will constitute a waiver of the absolute bar provisions of Section 13. Any other reading would preclude the employer, the employee, and the third party from voluntarily entering into an arrangement

that is in the interests of all parties. *Id.* Accordingly, our Supreme Court affirmed the Worker's Compensation Board's dismissal of Smith's Application for Adjustment of Claim. *Id.* at 369.

 Lafarge is correct that pursuant to *Smith,* Kornelik is barred from seeking a lien reduction because he settled the case without his employer Lafarge's consent. Kornelik, however, responds that because he set aside the lien amount in an escrow account pending adjudication of the lien, Lafarge is protected by court order pursuant to Indiana Code section 22–3–2–13 and the employer's consent to settlement is unnecessary. Kornelik misunderstands the statutory meaning of "protected by court order."

██ In the absence of written consent, a settlement is valid only if the employer is "indemnified or protected by court order." *Koval v. Simon Telelect, Inc.,* 693 N.E.2d 1299, 1309 (Ind.1998). In *Koval,* the United States District Court for the Northern District of Indiana requested that our Supreme Court respond to the following certified question

> Under the portion of Indiana Code § 22–3–2–13 that provides, "consent shall not be required where the employer or the employer's compensation insurance carrier has been fully indemnified or protected by court order," does it constitute "protect[ion] by court order" such that consent is not required for the settlement of claims and satisfaction of judgment in proceedings, for the court to specifically preserve a compensation insurance carrier/lienholder's right to bring suit against its agent for settling its claim while enforcing an oral settlement of claims by reason of injury or death.

*Id.* at 1308.

The Indiana Supreme Court explained that as a substitute for the .consent re-

quirement, the "protection by court order" language is directed to making sure that the employer is not deprived of its recovery. *Id.* An employer will be protected if, for example, the monies owed are set aside for the employer by court order in an escrow account or a similar arrangement. *Id.* This form of protection by court order contemplates complete protected assurance that the employer will be paid without further litigation. *Id.* The Indiana Supreme Court also noted that it is significant that the term "protection" was used as a substitute for consent in tandem with "indemnification by court order," i.e., a court order directing reimbursement. This, too, implies a reasonable assurance of reimbursement. *Id.* In sum, "protection" means the employer is assured of recovery and consent is unnecessary. *Id.*

In answering the certified question, the Indiana Supreme Court concluded that preservation of the employer's right to sue its employee did not "protect" the employer in this sense. *Id.* This is because the likelihood of recovery against the employee is far from a certainty. *Id.* Further, the cost of pursuing such a claim is undoubtedly substantially greater than the cost of collecting from an escrow or recovery on a court-ordered judgment. *Id.* The Court explained that this was not the sort of "protection" that the legislature envisioned. *Id.* Accordingly, our Supreme Court answered that "for purposes of the statute, in does not constitute 'protection by court order' for a court merely to preserve the employer's or the employer's insurance carrier's right to sue the [employee]." *Id.*

Similarly, Kornelik placing the $108,253.97 in trust in preparation for litigation and/or in contemplation of a lien reduction does not constitute "protection

by court order." Under these circumstances, we agree with the trial court that Lafarge was not fully protected. Thus, we conclude that the trial court did not err in failing to reduce the lien in the same proportion that his full recovery was reduced.

Judgment affirmed in part, reversed in part, and remanded with instructions that the trial court reduce Lafarge's lien by 33 1/3% for attorney fees and additionally for a pro rata share of costs.

MAY, J., and MATHIAS, J., concur.