CASANUEVA, Judge.
In this consolidated appeal from an adverse jury verdict, Karen M. Music and Kenneth J. Music, as parents of April Music, a minor, assert the trial court erred by excluding relevant evidence and by improperly limiting their cost award. We conclude that their first issue is meritorious and reverse for a new trial, rendering the second issue moot.
*1171 April Music, a minor, was injured while a passenger in an automobile operated by her mother, Karen Music. The Music vehicle collided with a vehicle owned and operated by John L. Hebb, Sr. Mr. Hebb later passed away due to causes unrelated to this litigation. Prior to trial, Mr. Hebb’s estate admitted liability for the accident so that the issues were limited to whether April Music sustained a permanent injury caused by this accident and damages, if any, that resulted.
At trial, April’s treating dentist testified, as an expert witness, that in her opinion April had sustained a permanent injury caused by the automobile accident. The dentist offered no other opinion. On cross-examination, the defense elicited, over objection, the dentist’s belief that it would be inappropriate for her to give April an overall impairment rating because she had not continuously treated April for a period of six months to one year. The dentist also believed that no one else could render such an opinion without the requisite treatment period. The trial court overruled the objection, concluding such testimony was appropriate cross-examination.
Although a trial court possesses wide latitude in allowing cross-examination, see Jones v. State, 580 So.2d 143, 145 (Fla.1991), such latitude is not without restrictions. Questions on cross-examination must relate either to credibility or to matters elicited on direct testimony. Cross-examination is not a vehicle to present defensive evidence. If a party wishes to place before the trier of fact testimony beyond the adverse witness’ direct testimony, other than matters of credibility, the witness must be called in that party’s case. See Jimenez v. State, 703 So.2d 437, 439 (Fla.1997) (citing Penn v. State, 574 So.2d 1079 (Fla.1991)). The question regarding the length of time a doctor must continuously treat a patient before the doctor is qualified to give an impairment rating did not relate to the direct testimony but rather sought to discredit witnesses not yet called by the plaintiff concerning that issue. Even if the dentist could provide an appropriate predicate for her opinion that an impairment rating could not be determined, that evidence should have been elicited in the defense case. It was error to admit such testimony under these circumstances.
Later, the Musics sought to elicit an impairment rating from two physicians. The trial court precluded this evidence on two grounds: first, that evidence of an impairment rating is statutorily authorized only in workers’ compensation actions and, second, that it was irrelevant.
Although impairment rating evidence is specifically permitted in workers’ compensation actions, see § 440.25, Fla. Stat. (1997) (procedures for mediation and hearing), its inclusion there does not preclude such evidence in this personal injury action. The workers’ compensation statutes did not evolve from common law; they are an entirely legislative creation. Because the legislature sets public policy, it is within its prerogative to identify what type of evidence is admissible to further the goals of that public policy. The principle of statutory construction, expressio un-ius est exclusio alterius-the mention of one thing implies the exclusion of another, see Moonlit Waters Apartments, Inc. v. Canley, 666 So.2d 898 (Fla.1996) — is not applicable in this instance. Rather, we hold the admissibility of an impairment rating is governed by the general rules of evidence.
Section 90.401, Florida Statutes (1997), defines relevant evidence as evidence that tends to prove or disprove a material fact. If the proffered testimony complies with the “tendency to prove” test, it is presumptively admissible. Next, it must be directed to an issue of consequence in the pending action.
Here, the impairment rating evidence pertains to several issues of consequence. It aids the jury in determining whether and to what extent April Music *1172 sustained a permanent injury as well as evaluating the amount of damages, if any, that ought to be awarded. An impairment rating is but one fact that circumstantially tends to prove the existence and extent of a permanent injury. We determine that impairment rating evidence is presumptively admissible and hold here that its exclusion constitutes prejudicial error.
A final issue in this case, as well as a matter of ongoing concern to this court, is improper attorney commentary. Although our reversal on the first issue has mooted this issue, we discuss an improper comment in opening statement.
Mrs. Music had asserted an individual claim arising from this accident but had settled prior to trial, so the issues framed by the pleadings in this case did not include that cause of action. Nevertheless, defense counsel interjected into opening statement the fact that Mrs. Music’s claim was not before the jury. Although true, counsel’s comment was not relevant and certainly could be construed as an attempt to inject extraneous prejudicial matters into the proceeding. The trial court properly sustained the objection to this remark and was well within its authority to give a curative instruction. Excess zeal or the personal intensity of an attorney does not justify going beyond the limited purpose of opening statement-to set out the relevant, and only the relevant, facts of the case.
Reversed and remanded for a new trial.
THREADGILL, A.C.J., and BLUE, J., Concur.