Ray C. SMITH, III, M.D. and Smith Surgical Group, Appellants–Defendants,

v.

Donald James JOHNSTON, as Husband and Executor of the Estate of Beverley Joanne Johnston, Deceased, Appellee–Plaintiff.

No. 49A02–0503–CV–206.

Court of Appeals of Indiana.

Sept. 25, 2006.

Bryce H. Bennett, Jr., Robert C. Brandt, Riley Bennett & Egloff, LLP, Indianapolis, IN, Attorneys for Appellants.

Karen Neiswinger, Indianapolis, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Ray C. Smith, III, M.D. and Smith Surgical Group (collectively, "Smith") appeal a jury verdict in favor of Donald Johnston as executor of the estate of Beverly Johnston.[1] Smith asserts the trial court erred in admitting evidence of itemized expenses related to Beverly's cancer treatment. Because the expenses were relevant and their admission did not result in the denial of a fair trial, the trial court did not err in admitting the exhibit.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In 1992, Beverly underwent bilateral mastectomies to prevent the recurrence of breast cancer. She chose to have her breasts reconstructed with saline breast implants. When the cancer returned in 1994, Beverly's treatment was to include high-dose chemotherapy and a bone marrow transplant. On June 27, 1994, in preparation for the transplant, Smith placed a Hickman catheter in Beverly's chest. During the procedure, Smith punctured the implant in her right breast, causing it to leak and delaying the chemotherapy treatment until July 22, 1994.

The Johnstons filed a complaint for medical malpractice against Smith in Marion County Superior Court on January 5, 1996. The trial court granted default judgment to the Johnstons on February 20, 1996. Smith's motion to set aside the default judgment was denied. The Indiana Supreme Court reversed in *Smith v. Johnston*, 711 N.E.2d 1259 (Ind.1999).

Smith answered the original complaint. On November 10, 1999, Johnston amended the original complaint to add a wrongful death claim.[2] During trial, Johnston moved to admit Exhibit 14 titled "Johnston Medical Expenses Related to Cancer Care Only 1995 to 3/6/96." (Appellant's App. at 26.) The exhibit listed healthcare providers, dates of service, and their charges for treatment. Smith objected to its admission on the ground the exhibit did not reflect expenses made necessary by Smith's negligence. The trial court overruled the objection and admitted the exhibit. The jury returned a verdict in favor of Johnston on the bodily injury claim and in favor of Smith on the wrongful death claim. It awarded Johnston $215,224.02.[3]

### DISCUSSION AND DECISION

Reversal of a ruling on the admissibility of evidence is warranted only when the court has abused its discretion and its action is clearly erroneous and against the facts and circumstances before it. *Sikora v. Fromm*, 782 N.E.2d 355, 359 (Ind.Ct.App.2002), *trans. denied* 792 N.E.2d 38 (Ind.2003). We will not reverse absent a showing of prejudice. *Id.*

Johnston presented both a wrongful death claim and a survival claim. The Wrongful Death Statute provides a cause of action when "the death is caused by the wrongful act or omission of another." Ind. Code § 34–23–1–1. In contrast, the Sur-

---

1. The record is not entirely clear as to whether the proper spelling is "Beverly" or "Beverley." As our Indiana Supreme Court used "Beverly" in the prior opinion of *Smith v. Johnston*, 711 N.E.2d 1259 (Ind.1999), we will use that spelling also.

2. Beverly died on March 6, 1996.

3. On May 19, 2006, one of Smith's appellate counsel, Stacy Hanefeld, filed a Motion for Leave to Withdraw Appearance, which we grant.

vivorship Statute applies when a person is injured by the wrongful act or omission of another and dies from causes other than those injuries. Ind.Code § 34–9–3–4.

The distinction is important because a plaintiff cannot recover on both claims and because each claim allows recoveries of different expenses. Under the Wrongful Death Statute, a personal representative may recover damages "including reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person," Ind.Code § 34–23–1–1, whereas under the Survival Statute, the personal representative may recover damages resulting only "before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived." Ind.Code § 34–9–3–4.

The challenged exhibit includes charges from individual physicians ("*9/6/95* Barbara Sturm, M.D. $222.00," "*5/22/95–3/6/96* David Loesch, M.D. $44,258.61"); charges from other providers ("*1995–1996* Community Hospitals, South/East $54,682.32," "*12–17–95* Aid Company, Inc. Ambulance $658.67"); and "other special damages" ("*9/2/95* G.H. Hermann Funeral Homes $5,445.55"). (Ex. 14 at 1–2.)

The expenses in the exhibit reflect the nature of the damages alleged in Johnston's complaint. Johnston averred he was entitled to recover damages for wrongful death including "the costs of [Beverly's] medical and hospital expenses, funeral and burial expenses and a reasonable attorney's fee." (Appellant's App. at 140.) With respect to his claim under the Survivorship Statute, Johnston averred Beverly experienced unnecessary physical and emotional pain and suffering, underwent unnecessary surgical procedures, and lost wages. (*Id.* at 139.)

The exhibit itemizes medical expenses related to cancer treatment Beverly incurred beginning in 1995 after Smith punctured her breast implant and ending on the date of her death on March 6, 1996. These expenses would have been recoverable if the jury concluded Smith's negligence caused Beverly's death. To reach this conclusion, the jury must have found that Smith's negligence delayed the administration of chemotherapy to Beverly and that this delay caused the cancer to develop a resistance to the treatment, in turn making the treatment ineffective such that the cancer could no longer be cured or suppressed, thus resulting in Beverly's death. Then, the medical expenses listed in the exhibit, occurring after the date of the injury, would have been recoverable under the Wrongful Death Statute as "such expenses necessarily incurred by reason of any injury and resulting death, *e.g.* medical attention and funeral expenses." *Herrick v. Sayler*, 245 F.2d 171, 172 (7th Cir.1957).

Smith contends the trial court erred in admitting Exhibit 14 because Johnston did not prove the expenses were made necessary by Smith's negligent placement of the Hickman catheter. However, Johnston did not have to demonstrate the expenses were "necessary" in order to have that exhibit admitted into evidence. "[T]he law in Indiana is not that medical bills must be shown to be reasonable and necessary before they are admissible, but that only reasonable and necessary expenses may be recovered." *Chemco Transport, Inc. v. Conn*, 506 N.E.2d 1111, 1115 (Ind.Ct.App. 1987), *vacated in part on other grounds by* 527 N.E.2d 179 (Ind.1988).

■ Rather, the admission of evidence "is first and foremost a question of relevancy." *Id.* Relevant evidence should be admitted regardless of its weight. *Id.* Evidence is relevant if it has "any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401.

The questions before the jury in this case included whether Smith committed a negligent act; if so, whether his negligent act injured Beverly or caused her death; and, if so, how much her estate should be compensated. The challenged exhibit provided evidence of medical expenses Beverly incurred after Smith punctured her implant. In theory, medical expenses caused by a doctor's negligence can be recovered under either a Wrongful Death Claim or Survivorship Claim.[4] Accordingly, Exhibit 14 included facts of consequence to the determination of the action, making it relevant and admissible.

◼ Smith next contends Exhibit 14 was improperly admitted because its probative value was substantially outweighed by the danger of unfair prejudice and jury confusion. Evid. R. 403 "allows trial courts to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *Walker v. Cuppett*, 808 N.E.2d 85, 101 (Ind.Ct.App. 2004). "Unfair prejudice addresses the way in which the jury is expected to respond to the evidence; it looks to the capacity of the evidence to persuade by illegitimate means, or the tendency of the evidence to suggest decision on an improper basis." *Id.* We will not reverse absent an abuse of discretion by the trial court resulting in the denial of a fair trial. *Williams v. State*, 782 N.E.2d 1039, 1045 (Ind.Ct.App.2003), *trans. denied* 792 N.E.2d 43 (Ind.2003).

Smith asserts the expenses for Beverly's cancer treatment listed in Exhibit 14 are not a proper element of damages in a survival action because they were related to the treatment of her cancer, which cancer was not caused by Smith's negligence. Therefore, he argues, the admission of medical expenses related to Beverly's cancer care served to confuse the jury "as evident by [its] award of over $215,224.02 in damages when the medical expenses related to the survival claim totaled only $12,224.02," the cost of repairing the puncture of the breast implant only. (Br. of Appellant at 16.)

Our Indiana Supreme Court's decision in *Cahoon v. Cummings*, 734 N.E.2d 535 (Ind.2000), is instructive. In *Cahoon*, the plaintiff widow sued doctors claiming they negligently failed to diagnose her husband's cancer. She pursued both a wrongful death and a survival claim. On appeal, the doctors argued it was "prejudicial to allow evidence of [the husband's] pain and suffering under the survival claim because this evidence could inflate a damage award on the wrongful death action" and the trial court's instruction to the jury not to award damages on both claims was insufficient to cure the harm caused by the admission of the evidence. *Id.* at 541–542. The *Cahoon* Court rejected this argument holding the plaintiff was not required to elect a remedy prior to trial. *Id.* at 542. Because it was not clear that the defendant's actions caused the decedent's death, damages for wrongful death and survival could be shown: "it is not reversible error to permit the plaintiff to proceed on alternative inconsistent theories under instruc-

---

4. As we discussed above, to recover medical expenses, the plaintiff must demonstrate the expenses were reasonable and necessitated by the defendant's action. *See Chemco*, 506 N.E.2d at 1115. Because Smith raises only an admissibility argument and the general verdict makes it impossible to determine what portion of the judgment, if any, was awarded for the medical expenses, we need not determine whether the evidence supported a jury finding that these expenses were necessitated by Smith's negligence.

tions that preclude recovery on both."[5] *Id.* at 543.

As in *Cahoon,* Johnston presented evidence to support his wrongful death claim: the delay caused by Smith's negligence increased Beverly's risk of harm. Dr. Robert Arnold testified the delay in receiving the high-dose chemotherapy treatment eliminated the chance for a cure of Beverly's cancer and Smith stated in his submission to the medical review panel, introduced at trial as Exhibit 10, the placement of the catheter offered Beverly "her only chance for cure from her widespread metastatic breast cancer." (Ex. 10 at 9.) Thus, because the issue of causation was unclear, evidence of damages under both the survival claim and wrongful death claim could be shown. Accordingly, its admission did not result in the denial of a fair trial to Smith.

Affirmed.

SULLIVAN, J., and BAKER, J., concur.

---

5.  Here, the trial court instructed the jury that Johnston "has asserted both a bodily injury claim and a wrongful death claim" against Smith and "cannot recover on both claims." (Tr. at 609.)