ESTATE OF Verna D. CARTER,
Appellant–Defendant,

v.

Holly F. SZYMCZAK, Appellee–
Plaintiff.

No. 71A04–1008–CT–472.

Court of Appeals of Indiana.

June 6, 2011.

Transfer Denied Oct. 31, 2011.

J. Thomas Vetne, Brian M. Kubicki, Jones Obenchain, LLP, South Bend, IN, Attorneys for Appellant.

Richard W. Morgan, Douglas E. Sakaguchi, Pfeifer Morgan & Stesiak, South Bend, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Holly F. Szymczak filed a negligence complaint against Verna D. Carter ("Carter") alleging that Carter's negligence caused an automobile collision and consequent injury to Szymczak. Upon Carter's death, the Estate of Verna D. Carter ("the Estate") was substituted. The Estate appeals a judgment upon a jury verdict in favor of Szymczak. We affirm.

### Issues

The Estate presents two issues for review:

I. Whether the Estate is entitled to judgment on the evidence because there was insufficient evidence to allow a reasonable jury to find that Carter was negligent; and

II. Whether the Estate was deprived of a fair trial by evidentiary rulings admitting evidence of a permanent partial impairment rating assigned to Szymczak by her physician but excluding a worker's compensation schedule of benefits corresponding to that rating.

### Facts and Procedural History

At around 9:00 a.m. on October 10, 2006, Szymczak was stopped at a traffic light at the intersection of Cleveland Road and Ironwood Road in St. Joseph County when her vehicle was struck from behind by a vehicle driven by Carter. This pushed Szymczak's vehicle approximately eight feet forward into the vehicle ahead of hers. Szymczak sustained injuries to her neck, shoulders, and wrists during the crash.

St. Joseph County Police Officer Earl Wigfall investigated the crash scene and interviewed witnesses. Carter informed Officer Wigfall that she "had to switch lanes when a car in front of her suddenly stopped." (Tr. 54.) Officer Wigfall located no other witness that corroborated Carter's statement with regard to another moving vehicle. He noted the absence of skidmarks.

On August 25, 2008, Szymczak filed a negligence claim against Carter, who died before the claim was brought to trial. The Estate endeavored, through a motion in limine and trial objections, to exclude evidence predicated upon the American Medical Association "Guides to the Assessment

of Permanent Impairment." Szymczak's physician had determined that, due to her cervical spine impairment, she had sustained a whole body impairment rating of 6% ("PPI"), and he testified accordingly.

At the close of Szymczak's case-in-chief, the Estate moved for judgment on the evidence, contending there was an absence of evidence or reasonable inferences that Carter acted negligently. The motion was denied. In closing, Szymczak's attorney argued to the jury that it should award damages, in part, based upon the PPI. The trial court declined to take judicial notice of the statutory schedule of worker's compensation benefits corresponding to a particular PPI, or permit the introduction of evidence thereof.

On July 7, 2010, the jury awarded Szymczak $125,000. The Estate appeals.

## Discussion and Decision

### I. Judgment on the Evidence

Asserting that Szymczak offered only conjecture or speculation that Carter caused the collision, the Estate contends that it was entitled to relief pursuant to Indiana Trial Rule 50, which provides in relevant part:

> Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict. A party may move for such judgment on the evidence.
>
> (1) after another party carrying the burden of proof or of going forward with the evidence upon any one or more issues has completed presentation of his evidence thereon[.]

Our standard of review for a ruling upon a motion for judgment on the evidence is the same as the standard governing the trial court in making its decision. *East Chicago Police Dep't v. Bynum*, 826 N.E.2d 22, 30–31 (Ind.Ct.App.2005), *trans. denied.* The court looks only to the evidence and the reasonable inferences drawn most favorable to the nonmoving party. *Kirchoff v. Selby*, 703 N.E.2d 644, 648 (Ind.1998). The motion should be granted only where there is no substantial evidence supporting an essential issue in the case. *Id.* "If there is any probative evidence or reasonable inference to be drawn from the evidence in favor of the plaintiff or if there is evidence allowing reasonable people to differ as to the result, judgment on the evidence is improper." *Ross v. Lowe*, 619 N.E.2d 911, 914 (Ind.1993).

A motorist has a duty to maintain a proper lookout and to use due care to avoid a collision and to maintain his or her automobile under reasonable control. *Schultz v. Hodus*, 535 N.E.2d 1235, 1238 (Ind.Ct.App.1989), trans. denied. However "[t]he law does not require a motorist to do the impossible to avoid a collision." *Id.* As the Estate points out, even a rear-end collision, standing alone, does not raise a presumption or authorize an inference of negligence. *See Haidri v. Egolf*, 430 N.E.2d 429, 432 (Ind.Ct.App.1982).

In order to satisfy his or her burden of proof, a plaintiff must present evidence of probative value based on facts, or inferences to be drawn from the facts, establishing that the wrongful act was the cause in fact of the occurrence and that the occurrence was the cause in fact of the injury. *Foddrill v. Crane*, 894 N.E.2d 1070, 1077 (Ind.Ct.App.2008), *trans. denied.* The burden is not satisfied by evidence based merely upon supposition or speculation. *Id.* "Standing alone, evidence establishing a mere possibility of cause or

which lacks reasonable certainty or probability is not sufficient evidence by itself to support a verdict. Civil liability may not be predicated purely upon speculation." *Id.*

Szymczak testified that she had been stopped ten to fifteen seconds prior to the collision with Carter. According to Szymczak, all other vehicles at the red light were stopped as well. She further testified that no vehicle passed her on the left or stopped suddenly in a lane. Finally, Szymczak testified that Carter's passenger had stepped out of the vehicle and stated that she "had just told Verna to slow down or she was going to kill somebody." (Tr. 90.) According to the investigating officer, there was "a severe impact," weather was not a contributing factor, Szymczak's conduct was not a contributing factor, and the conduct of the driver of the car ahead of Szymczak was not a contributing factor. (Tr. 52.)

The Estate argues that there is no direct evidence of Carter's negligence and that no presumption arises from the fact of a rear-end collision. The Estate claims that the instant circumstances are akin to those in *Haidri,* in which a panel of this Court observed, "in the absence of the special circumstances necessary to invoke the doctrine of res ipsa loquitur, the mere happening of an accident or occurrence of an injury does not raise any presumption or authorize an inference of negligence.... [C]ontrary to some popular mythology, no reasonable inference that the rearward driver was negligent is created simply through the occurrence of a rear end collision." *Haidri,* 430 N.E.2d at 432.

In that case, Haidri had entered a highway and crossed the driving lane into the passing lane, all in a few seconds, before his vehicle was struck from behind by a truck. *See id.* The *Haidri* Court observed that: there was no direct evidence

as to the truck's location prior to the collision; one might infer that the truck was in the driving lane before Haidri entered it; and nothing established when or why the truck changed lanes or how it was being operated. *Id.* Based upon that evidence, "any finding that [the truck driver] was negligent would necessarily be the result of surmise and conjecture." *Id.* The Haidri Court found that the trial court had properly granted judgment on the evidence to the defendant. *Id.*

■ In contrast, the instant case does not involve two moving vehicles, where an inference could be drawn that the impacted driver was operating negligently. Szymczak's vehicle was stationary, as she was stopped at a stoplight with her foot on the brake. There is no evidence from which an inference of negligence on the part of Szymczak could be drawn. The instant circumstances mirror those in *Foddrill,* where a stationary vehicle was struck from the rear by Foddrill's vehicle and there was "no evidence of anything that might explain the accident outside a breach of Foddrill's duty of care." 894 N.E.2d at 1077. A panel of this Court concluded, as a matter of law, that the jury was free to infer a breach of the duty of care on Foddrill's part. *Id.*

Here, the investigating officer related Carter's explanation of events—that she changed lanes to avoid a suddenly stopped vehicle. No other witness reported a suddenly stopped vehicle; Szymczak denied that there was one. She testified that Carter's passenger claimed to have recently warned Carter of excessive speed. As in *Foddrill,* there was no evidence of any explanation for the accident apart from Carter's breach of her duty of care. A reasonable jury could infer that Carter made an unsafe lane change, negligently causing the collision and injury to Szymczak. The trial court properly denied the

Estate's motion for judgment on the evidence.

## II. Evidentiary Rulings

■ Alternatively, the Estate seeks a new trial. According to the Estate, PPI rating testimony introduced an irrelevant and confusing worker's compensation concept to the jury, and the error was compounded by the exclusion of evidence that a 6% PPI would correspond to a $7,800 worker's compensation award. *See* Ind. Code § 22–3–3–10(j)(8).[1] Szymczak's attorney argued that a human life was worth at least one million dollars and 6% ($60,-000) should be awarded to Szymczak as a portion of her damages.

The decision to admit or exclude evidence is within the sound discretion of the trial court and will be reversed only upon a manifest abuse of discretion. *Gary Community School Corp. v. Boyd*, 890 N.E.2d 794, 798 (Ind.Ct.App.2008), *trans. denied.* An abuse of discretion occurs when the trial court's decision is contrary to the logic and effect of the facts and circumstances before it. *Id.* We will not reverse the trial court's admission of evidence absent a showing of prejudice. *Id.*

Over the Estate's objection, Dr. Stephen Ribaudo testified that he had examined Szymczak and assigned an impairment rating with reference to "The Guides to the Assessment of Permanent Impairment" produced by The American Medical Association. (Tr. 157.) Indiana Evidence Rule 704 specifically permits an expert to use learned treatises in formulating an opinion.

According to Dr. Ribaudo, the impairment manual had been available in some form "for at least 20 years" and was to assist in the determination of "just how much functional loss [patients] have sustained because of some kind of disease or entity." (Tr. 157.) He testified that the guides were not generated for litigation purposes, but for use as a "professional tool to try to determine what has happened to a person due to certain injury or illness." (Tr. 159–160).

■ A PPI rating is a medically accepted tool for quantifying impairment, one that has been widely used in worker's compensation cases.[2] Under Indiana's Worker's Compensation Act, PPI benefits are awarded because of the partial or total loss of the function of a member or members of the body or the body as a whole. Ind.Code § 22–3–3–10. The aim of such a PPI determination is to decide what parts of an employee's body have lost their proper function and to what extent. *Bowles v. Griffin Industries*, 798 N.E.2d 908, 910 (Ind.Ct.App.2003).

Although it is clear that PPI evidence is specifically permitted in worker's compensation claims, its inclusion within a worker's compensation statutory scheme does not preclude such evidence in a personal injury action. *See Music v. Hebb*, 744 So.2d 1169, 1171 (Fla.Dist.Ct.App.1999). When a legislature creates compensatory statutes, it acts within its prerogative to identify what type of evidence is admissible to further the goals of the public policy embodied within the legislation. *Id.* How-

---

1. This statutory provision assigns a value "with respect to injuries occurring on and after July 1, 2001, and before July 1, 2007, for each degree of permanent impairment from one (1) to ten (10), one thousand three hundred ($1,300) per degree[.]"

2. The physician's assignment of PPI ratings is not the final determinant of awards in work-

er's compensation cases in Indiana. Indiana Code Section 22–3–1–1 created a worker's compensation board, to consist of seven members appointed by the Governor, having duties and discretion regarding worker's compensation awards. The worker's compensation board has continuing jurisdiction over each case and may modify or change awards pursuant to Indiana Code Section 22–3–3–27.

ever, outside a statutory scheme, admissibility is governed by the general rules of evidence. *Id.*

The admission of evidence is "first and foremost a question of relevancy." *Smith v. Johnston,* 854 N.E.2d 388, 390 (Ind.Ct. App.2006). Relevant evidence should be admitted regardless of its weight. *Id.* Pursuant to Indiana Evidence Rule 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Nonetheless, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, or needless presentation of cumulative evidence. Ind. Evidence Rule 403.

The questions before the jury in this case included whether Carter was negligent, whether her negligence caused Szymczak injury, and, if so, what amount of compensation for such injury should be awarded. The PPI rating evidence aided the jury in determining whether and to what extent Szymczak was permanently injured. The challenged evidence is therefore relevant. Moreover, the Estate has not shown that its probative value is substantially outweighed by the danger of unfair prejudice. While Szymczak's attorney arbitrarily assigned a one million dollar value to human life at full function, the Estate's attorney was free to challenge that valuation. Ultimately, the jury was to assign value—neither statutes nor attorney argument was decisive.

■ As for the worker's compensation benefit schedule, it lacks relevance outside the worker's compensation statutory scheme. The benefits to be awarded represent the result of the compromise nature of worker's compensation, which contemplates limited compensation in exchange for a certain recovery. *Spangler, Jennings & Dougherty P.C. v. Indiana Ins. Co.,* 729 N.E.2d 117, 120 (Ind.2000). "The worker's compensation system does not necessarily provide the kind of complete recovery an injured employee might receive in a third-party action." *Id.* Compensation is determined not by a jury, but rather by statute. *Id.* at 121.

Here, the jury was to determine the appropriate measure of damages upon a negligence claim. "In tort actions generally, all damages directly related to the wrong and arising without an intervening agency are recoverable.... In negligence actions specifically, the injured party is entitled to damages proximately caused by the tortfeasor's breach of duty." *Bader v. Johnson,* 732 N.E.2d 1212, 1220 (Ind.2000). To restrict the jury to an award for impairment consistent with worker's compensation benefits would invade the province of the jury.

**Conclusion**

The Estate was not entitled to judgment on the evidence. The evidentiary rulings of the trial court were not a manifest abuse of discretion and did not deprive the Estate of a fair trial. The jury verdict and the judgment entered thereon are affirmed.

RILEY, J., and KIRSCH, J., concur.