## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 28 2018, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jewell Allen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 28, 2018

Court of Appeals Case No.
49A02-1710-CR-2344

Appeal from the Marion Superior Court

The Honorable Alicia A. Gooden, Judge
The Honorable Richard Hagenmaier, Commissioner

Trial Court Cause No.
49G21-1701-F4-4074

**Baker, Judge.**

[1] Jewell Allen appeals his conviction for Level 6 Felony Possession of Cocaine,[1] arguing that the trial court should have excluded all evidence obtained from the search incident to his arrest. Finding no error, we affirm.

# Facts

[2] In early January 2017, Detective Gregory Kessie of the Indianapolis Metropolitan Police Department (IMPD) coordinated two controlled buys with a confidential informant. The informant completed two separate transactions for crack cocaine with Allen under controlled circumstances. The buys took place at Allen's apartment on North Webster Avenue in Indianapolis. The police monitored the buys through continuous surveillance outside of Allen's apartment but did not personally witness the transactions. Before and after each controlled buy, the informant was thoroughly searched by the police.

[3] The informant reported back to the police immediately after the buys and informed them that Allen had sold him crack cocaine. Additionally, the informant provided a description of Allen, stated that Allen had a "dog and possibly a look-out," and on January 24, 2017, identified Allen from a photo array as the one who had sold him the crack cocaine. St. Ex. 37.

[4] Based on this information, on January 27, 2017, Detective Kessie obtained and executed a warrant to search Allen's apartment and to arrest him. The warrant

---

[1] Ind. Code § 35-48-4-6(a).

listed Allen as a person to be seized, and the scope of the warrant was limited to Allen's home. St. Ex. 1. Allen was not in his apartment when the warrant was executed. While inside the apartment, the police discovered a small bag of marijuana, marijuana "roaches," two digital scales laced with a substance later discovered to be cocaine, and a firearm in plain view.

[5]     Allen is a serious violent felon by virtue of his criminal history. As such, he is not permitted to possess a firearm. Furthermore, at the time of the search, Allen was on home detention, the terms of which explicitly prohibited him from keeping a firearm in his home.

[6]     Immediately after conducting a search of Allen's apartment, several officers went to search for Allen, eventually finding him on a public street a few miles away from his apartment. Detective Kessie arrived and arrested Allen. Detective Kessie also conducted a pat-down search of Allen and discovered thirty-one individually wrapped bags filled with crack cocaine.

[7]     After receiving his *Miranda*[2] warnings, Allen spoke with the police. Allen admitted to purchasing and selling crack cocaine and to using the scales at his apartment for measuring controlled substances. Such statements, coupled with the discovery of drugs on his person, were used as evidence in Allen's criminal trial.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[8]     On January 31, 2017, the State charged Allen with Level 4 felony dealing in cocaine, Level 5 felony possession of cocaine,[3] and Class B misdemeanor possession of marijuana. Before his trial, Allen moved to suppress evidence obtained from the search incident to his arrest, claiming that the State had violated his rights under the United States and Indiana Constitutions. The trial court denied his motion.

[9]     Allen's jury trial took place on August 31, 2017. At the trial, Allen objected to the admission of the evidence obtained from the search incident to his arrest. The trial court overruled the objection and admitted the evidence.

[10]    The jury found Allen not guilty of Level 4 felony dealing in cocaine but found him guilty of the lesser included offense of Level 6 felony possession of cocaine. The jury also found Allen guilty of Class B misdemeanor possession of marijuana.

[11]    On September 18, 2017, the trial court sentenced Allen to 266 days for possession of cocaine and to a concurrent term of 180 days for possession of marijuana. Allen now appeals.

---

[3] The State dismissed this charge at the outset of trial.

# Discussion and Decision

[12] Allen argues that the trial court erroneously admitted evidence in violation of the Fourth Amendment to the United States Constitution. Allen does not assert any violations of the Indiana Constitution on appeal.

[13] We are tasked with reviewing the trial court's decision to admit evidence. We will not reverse the trial court's admission "unless the 'trial court's decision is clearly against the logic and effect of the facts and circumstances before it.'" *Reed v. Bethel*, 2 N.E.3d 98, 107 (Ind. Ct. App. 2014) (quoting *Estate of Carter v. Szymczak*, 951 N.E.2d 1, 5 (Ind. Ct. App. 2011)).

[14] Allen argues that his arrest was unlawful as it was not supported by probable cause. The Fourth Amendment to the United States Constitution protects citizens from unreasonable searches and seizures. Generally, the State must obtain a warrant supported by probable cause to search and to arrest an individual in her home. *Duran v. State*, 930 N.E.2d 10, 15 (Ind. 2010).

[15] However, warrantless arrests conducted outside the home may be permissible. Indiana Code section 35-33-1-1(a)(2) states that "[a] law enforcement officer may arrest a person when the officer has . . . probable cause to believe the person has committed or attempted to commit, or is committing or attempting to commit, a felony." Probable cause exists "when, at the time of the arrest, the arresting officer has knowledge of facts and circumstances which would warrant

[a person] of reasonable caution to believe that the defendant committed the criminal act in question." *Sears v. State*, 667 N.E.2d 662, 667 (Ind. 1996).

[16] In this case, the police had probable cause to believe that Allen had engaged and was engaging in the illegal sale of narcotics based on the two controlled buys between Allen and the confidential informant. *See Mills v. State*, 177 Ind.4App. 432, 379 N.E.2d 1023 (Ind. Ct. App. 1978) (holding that police may use information gleaned from a confidential informant's controlled buys with a suspect to attain probable cause). The buys were conducted in a wholly controlled environment. The evidence demonstrates that both before and after the two separate transactions, the police searched the confidential informant to ensure he did not already have drugs or other paraphernalia on him. Additionally, the informant wore recording devices to properly and accurately document the transactions. After both transactions, the confidential informant returned with drugs that he had obtained with money provided by the police for the purpose of a controlled buy. Most importantly, for both transactions, the police conducted close surveillance of Allen's apartment to ensure that no one else entered or exited the residence. Later, the confidential informant identified Allen from a photo array as the dealer in the drug transactions. As such, the controlled informant's information provided the police with probable cause to believe that Allen had committed a felony.

[17] Additionally, police officers discovered a firearm in plain view in Allen's apartment. Allen had previously been convicted of felony battery against a public official, felony resisting law enforcement, and felony possession of a

narcotic drug; police had knowledge of Allen's criminal history before searching his apartment. Allen's criminal history classifies him as a serious violent felon. As such, it is a felony for him to possess a firearm.[4] While owning a firearm is not per se evidence of felonious conduct, the police's prior knowledge of Allen's criminal history coupled with the knowledge that Allen was under a contractual duty not to own a firearm made it immediately apparent that possession of the firearm was illegal.

[18]  Allen argues that the initial warrant authorized police to arrest him, but only in his home. According to Allen, the police need a new warrant and/or more definite proof to arrest him outside of his home. We disagree. It is true that the warrant was limited to a search and seizure of Allen in his home. However, police also had probable cause to suspect Allen had committed or was committing a felony, based on the controlled buys and the firearm discovered in his apartment. This probable cause was all that police needed to arrest Allen— no warrant was required. Therefore, this argument is unavailing.

[19]  Because police officers had the requisite probable cause to arrest Allen without a warrant, Allen's arrest was lawful and valid under the Fourth Amendment. As such, police were entitled to search him incident to that arrest. Therefore, the trial court did not err by admitting this evidence.

---

[4] Ind. Code § 35-47-4-5.

The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.