Jonathan WIRTH, Appellant–Plaintiff,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Appellee–Defendant.

No. 22A01–1009–CT–440.

Court of Appeals of Indiana.

June 1, 2011.

Barry N. Bitzegaio, Lorch & Naville, LLC, New Albany, IN, for Attorney for Appellant.

Tricia Kirkby Hofmann, Chad M. Smith, Waters, Tyler Hofmann & Scott, LLC, New Albany, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Jonathan Wirth (Wirth), appeals the trial court's summary judgment in favor of Appellee–Defendant, American Family Mutual Insurance Company (American Family), finding that American Family is entitled to repayment of its medical lien pursuant to its insurance contract with Wirth.

We affirm.

### ISSUE

Wirth presents two issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court properly determined that American Family is entitled to subrogation for payment of Wirth's medical expenses.

### FACTS AND PROCEDURAL HISTORY

On March 31, 2007, Wirth was involved in a motor vehicle accident which resulted in personal injury. Wirth was insured by American Family. Pursuant to the policy's terms, American Family paid Wirth's medical expenses in the amount of $1,969.26. After filing a negligence claim against the tortfeasor, Wirth settled his personal injury claim for $3,500.00 in exchange for executing a Release of All Claims.

On May 16, 2008, after failing to reach an agreement with American Family concerning the reimbursement of medical expenses, Wirth filed his Complaint in Equity as to Declaration of Subrogation Rights against American Family. Together with his Complaint, Wirth filed a motion for summary judgment requesting a declaration that American Family was not entitled to any part of the settlement. The designation of evidence, filed with the motion for summary judgment, included an affidavit by David A. Scott, a long time plaintiff's attorney, who valued Wirth's claim to be worth approximately $8,000. Unbeknownst to both parties, the trial court denied Wirth's motion on February 12, 2009 without a hearing. This ruling was never communicated to the parties. On April 29, 2009, Wirth requested the trial court to set his summary judgment motion for a hearing. The trial court set the hearing for September 22, 2009. It is unclear whether this date was communicated to the parties as one month later American Family also requested a hearing on Wirth's motion. On August 26, 2009, this cause was transferred to Floyd County Superior Court. Again, it appears that this transfer was not communicated to the parties. On September 16, 2009, after becoming aware a hearing had been scheduled for September 22, 2009, American Family requested a continuance of the hearing, which was granted and rescheduled for November 3, 2009. During the hearing on November 3, 2009, both parties appeared and were informed by the trial court that Wirth's motion for summary judgment had been denied nine months previously without a hearing. Wirth made an oral motion to reconsider its denial of his motion. On February 8, 2010, the trial court's denied Wirth's motion to reconsider.

On May 3, 2010, American Family filed its motion for summary judgment asking for a declaration that it was entitled to repayment of its subrogation lien less the statutory reduction for attorney fees. On August 3, 2010, after conducting a hearing, the trial court granted American Family's motion.

Wirth now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct.App.2008), *trans. denied.* Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 607–08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.* When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiffs' claim. *Id.* Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id.*

### II. *Analysis*

■ Wirth contends that by granting American Family the right to subrogate prior to payment of Wirth's entire claim valued to be $8,000, the trial court violated the equitable concept that the right of subrogation does not exist until the entire debt has been satisfied. Even though Wirth received a settlement for his injuries, he maintains that this settlement was less than the value of the claim and thus American Family's subrogation rights cannot yet be applied.

■ Subrogation is a doctrine of equity long recognized in Indiana. It applies whenever a party, not acting as a volunteer, pays the debt of another that, in good conscience, should have been paid by the one primarily liable. *Erie Ins. Co. v. George*, 681 N.E.2d 183, 186 (Ind.1997). When a claim based on subrogation is recognized, "a court substitutes another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the right of the creditor in relation to the debt." *Id.* The ultimate purpose of the doctrine, as well as with other equitable principles, is to prevent unjust enrichment. *Id.*

Wirth relies on *Capps v. Klebs*, 178 Ind. App. 293, 382 N.E.2d 947 (1978), *reh'g denied*, in support of his argument that American Family's subrogation rights are premature as he was not made whole by his negotiated settlement with the tortfeasor. In *Capps*, the plaintiff brought an action against the uninsured, intoxicated driver and the tavern operator after incurring injuries in a collision. *Id.* at 949. Prior to trial, the plaintiff settled with the tavern operator for $60,000. *Id.* After a trial, a judgment was entered against the remaining defendant, Klebs, in the amount of $695,000. *Id.* No portion of this judgment was recovered by Capps, nor did it appear to be recoverable. *Id.* At the time of the accident, Capps was insured by Trinity Universal Insurance Company (Trinity). *Id.* Trinity intervened in Capps' action, claiming a right of subrogation in the amount of $30,000 against the $60,000 settlement received by Capps from the tavern operator. *Id.*

We stated that even if a surety is liable for only part of the debt and pays that part for which he is liable, he cannot be subrogated until the whole demand or debt is satisfied. *Id.* We applied this rule to contractual as well as equitable subrogation, unless the contract by which such right is created provides otherwise. *Id.* However, we clarified that where the claim to *pro tanto* subrogation (subrogation before the debt is satisfied) is based in contract, the contract must be clear, unequivocal and so certain as to admit no doubt on the question. *Id.* Because "no paramount right of subrogation arises until the insured has received full satisfaction of his judgment," we concluded that Trinity could not claim its right to subrogation until Capps recovered the $695,000 judgment against Klebs. *Id.* at 950.

This concept was codified in Indiana Code section 34–51–2–19, which provides that

> If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:
> (1) by comparative fault; or
> (2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause;
> the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

Despite the fact that Wirth analogizes to *Capps,* we find the precedent readily distinguishable from the situation at hand. Unlike *Capps,* where first a settlement was reached and then an additional judgment was entered against a second tortfeasor, Wirth entered into a settlement which settled all his claims against the single tortfeasor. Wirth's tortfeasor paid the full value of the negotiated claim, *i.e.,* $3,500, as demonstrated by the executed Release of All Claims. Regardless of Wirth's argument that his claim is actually valued $8,000, he collected a full and final settlement for his injuries and pursuant to the executed Release has no other outstanding, uncollectable losses. As such, American Family is not requesting *pro tanto* subrogation, but is requesting full subrogation after Wirth collected his entire settlement from the tortfeasor.

Next, Wirth contends that even if American Family is entitled to subrogation, the trial court should have performed an examination of the total, reasonable value of the claim, regardless of the settlement amount, and then make a determination as to the percentage reduction to which American Family would be subrogated. In support of this argument, Wirth focuses this court's attention on our supreme court's decision in *Department of Public Welfare v. Couch,* 605 N.E.2d 165 (Ind.1992).

In *Couch,* the plaintiff's actual damages were determined by the trial court as approximating $250,000, well in excess of $100,000 limit of the tortfeasor's automobile insurance policy. *Id.* at 167. The tortfeasor had no significant assets to attach. *Id.* Couch settled his claim against the tortfeasor for $80,000 because of the liability policy limit and "the presence of liability problems which might have resulted in a zero verdict." *Id.* The Department of Public Welfare requested subrogation to the extent of its payment of Couch's medical expenses in the amount of $33,881.49. *Id.* at 166. The *Couch* court determined that I.C. § 34–4–33–12, now codified as I.C. § 34–51–2–19, could diminish a subro-

gation lien even when the plaintiff settles with the tortfeasor instead of going to trial. *Id.* at 167. The court noted that in the event the plaintiff and lienholder are unable to agree as to the pro rata deduction to be applied, an action for declaratory judgment is available. *Id.* In such an action, "it is appropriate for the declaratory judgment court to assess, as occurred in this case, whether the [plaintiff] was reasonable in reaching a compromise settlement for less than the full damages." *Id.* at 168. The primary issue is not whether the plaintiff's settlement equaled what would have been awarded in the event of trial but whether the settlement was reasonable under the circumstances. *Id.* at 169. The court noted as considerations likely relevant to this determination

> the risk to the [plaintiff] of partial or complete reduction of an award of full damages due to allocation of comparative fault, limited availability of liability insurance or sufficient assets to pay a resulting judgment, and the presence of factors personal to the plaintiff, such as advanced age or frail health that could affect the prospects of recovery in the event of protracted litigation.

*Id.* at 168–69.

Applying these considerations to the facts in *Couch*, the plaintiff demonstrated that his settlement was reasonable: 1) the plaintiff was riding his bicycle at night without a headlamp while going the wrong way down a one-way street; 2) the plaintiff's blood alcohol content was .045%; 3) plaintiff had been assigned a 47% permanent whole person impairment rating; 4) the tortfeasor had an insurance policy with $100,000 liability limits; and 5) the tortfeasor had no significant assets to attach. *Id.* at 166–67.

Here, besides his argument that the settlement was lower than the perceived value of his claims, Wirth did not designate any evidence or advance any contentions to demonstrate that his settlement was reasonable and that American Family's request for full subrogation should be diminished, if not eliminated. Wirth did not establish that comparative fault issues are at stake or that the tortfeasor carried a limited amount in liability insurance or had insufficient assets to satisfy any resulting judgment.

In sum, we cannot say that the trial court improperly granted summary judgment in favor of American Family. Wirth negotiated his settlement with the tortfeasor, which was completely satisfied as evidenced by the executed Release of All Claims form. In absence of any evidence that the settlement was reasonable and American Family's lien should be reduced, we find that American Family is entitled to complete repayment of its medical lien.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly determined that American Family is entitled to repayment of its subrogation lien for medical expenses.

Affirmed.

DARDEN, J., and BARNES, J., concur.