# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ROBERT J. PALMER**
May Oberfell Lorber
Mishawaka, Indiana

ATTORNEYS FOR APPELLEES:
Attorneys for Thomas A. and Mary E.Young
**PHILLIP R. TERRILL**
**MARK A. THOMA**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STATE FARM INSURANCE COMPANY, ) | |
| ) | |
| Appellant-Third Party Plaintiff/Defendant, ) | |
| ) | |
| vs. ) | No. 92A05-1205-CT-258 |
| ) | |
| THOMAS A. YOUNG and MARY E. YOUNG, ) | |
| ) | |
| Appellees-Plaintiffs, ) | |
| ) | |
| JOEL P. GENTH and PHILIP K. GENTH, ) | |
| ) | |
| Appellees-Defendants, ) | |
| ) | |
| INGENIX, ) | |
| ) | |
| Appellee-Third Party Defendant. ) | |

APPEAL FROM THE WHITLEY CIRCUIT COURT
The Honorable James R. Heuer, Judge
Cause No. 92C01-0910-CT-664

**March 15, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

State Farm Insurance Company (hereinafter, "Policy One")[1] appeals an order reducing the subrogation lien that Policy One held against Thomas and Mary Young. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 4, 2007, Joel Genth was driving a car owned by his father, Philip Genth, and insured with State Farm Insurance Company (hereinafter "Policy Two"). Genth's vehicle struck Thomas Young's vehicle from behind. Thomas suffered physical injuries for which he sought treatment. Thomas's medical insurance company, Ingenix, and Policy One paid for those treatments.

On October 29, 2009, the Youngs sued Philip and Joel Genth. As part of their damages, the Youngs listed two subrogation liens – one to Ingenix for $19,276.61, and one to Policy One for $5,000. The parties entered mediation, and Policy Two offered to settle the Youngs' claim for $17,432.00, which was less than the total of $24,276.61 the Youngs owed in subrogation liens.

As the settlement offer was less than the amount due in subrogation liens, the Youngs filed a motion to reduce the subrogation liens pursuant to Ind. Code § 34-51-2-19, which provides:

> If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:
> > (1) by comparative fault; or
> > (2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause;

---

[1] State Farm insured both the Youngs and Genth. For clarity, we refer to the Youngs' State Farm policy as "Policy One" and the Genth's State Farm policy as "Policy Two."

2

the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a *pro rata* share of the claimant's attorney's fees and litigation expenses.

In their motion, the Youngs asserted they should be responsible for only 17.43% of the value of each subrogation lien because they were receiving only 17.43% of Genth's $100,000 policy limit.

Prior to the hearing on the Youngs' motion, Ingenix accepted a reduction of its subrogation lien from $19,276.61 to $2,410.84. That reduction represents a decrease to 17.43% of the lien, minus Ingenix's *pro rata* share of the attorney fees. *See* Ind. Code § 34-51-2-19 ("The party holding the lien or claim shall bear a *pro rata* share of the claimant's attorney's fees and litigation expenses.").

Policy One agreed to reduce the amount of its lien against the Youngs from $5,000 to $3,250, which accounts for its *pro rata* share of the attorney fees plus $100.[2] Policy One would not agree to reduce the lien to 17.43% of its value.

After a hearing, the court reduced the subrogation liens and ordered Policy One to accept $581, which represents 17.43% of the value of its original subrogation lien, minus Policy One's *pro rata* share of attorney's fees and litigation expenses pursuant to Ind. Code § 34-51-2-19. Sixteen days after the court entered its order reducing the liens, the Youngs and Joel and Philip Genth stipulated to dismissal with prejudice of the Youngs' personal injury

---

[2] It is not clear from the record what the $100 represents. At the reduction in subrogation lien hearing, Policy One stated, "So it's [Policy One's] position that they're entitled to the full amount of their lien minus the one-third statutory reduce [sic] in attorney fees. They have agreed to take another $100 off that and accept $3,250[.]" (Tr. at 6.)

action, indicating the matter had been settled.

## DISCUSSION AND DECISION

In reducing the subrogation liens, the trial court *sua sponte* made findings of fact and conclusions of law. In such a case, our standard of review is well-settled:

> Where the trial court enters specific findings *sua sponte*, [ ] the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial.
> We apply the following two-tier standard of review to *sua sponte* findings and conclusions: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility. While we defer substantially to findings of fact, we do not do so to conclusions of law. We evaluate questions of law *de novo* and owe no deference to a trial court's determination of such questions.

*Trust No. 6011, Lake County Trust Co. v. Heil's Haven Condominiums Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012) (citations omitted).

Policy One argues the trial court erred when it reduced the amount of its subrogation lien against the Youngs. Subrogation is a long-standing doctrine of equity in which a party, not acting as a volunteer, pays the debt of another that, "in good conscience, should have been paid by the one primarily liable." *Wirth v. Am. Family Mut. Ins. Co.*, 950 N.E.2d 1214, 1216 (Ind. Ct. App. 2011). When a claim of subrogation is recognized, "a court substitutes another person in the place of a creditor, so that the person in whose favor it is exercised

4

succeeds to the right of the creditor in relation to the debt." *Erie Ins. Co. v. George*, 681 N.E.2d 183, 186 (Ind. 1997). Ultimately, the purpose of the doctrine is to prevent unjust enrichment. *Id.*

The trial court concluded "I.C. 34-51-2-[1]9 is applicable." (Appellant's App. at 7.) That statute provides, in relevant part, that a lien "shall be diminished" if "the claimant's recovery is diminished" because "the full value of the claim for personal injuries" is uncollectible. Ind. Code § 34-51-2-19. Here, the record leaves no doubt the "claimant's recovery" was diminished. Policy Two would not pay more than $17,432.00 to settle the Youngs' suit against the Genths, while the Youngs owed $24,276.61 in subrogation liens and their suit also prayed for unspecified damages for pain and suffering, loss of earnings, and loss of consortium. Thus, the Youngs were not going to receive the full value of their claim.

In light of the unusual facts before us, *i.e.*, that State Farm issued both Policy One and Policy Two, we decline to adopt State Farm Policy One's premise that its subrogation lien should not be reduced based on State farm Policy Two's refusal to pay the full amount of the Youngs' claim. The purpose of subrogation is to avoid unjust enrichment. *George*, 681 N.E.2d at 186. State Farm paid under Policy One for some of the Youngs' damages, and thus was entitled to a subrogation lien. But "the one primarily liable," *Wirth*, 950 N.E.2d at 1216, and who "in good conscience should have been" paying, *id.*, was State Farm under Policy Two. Therefore, to allow State Farm to recover the full value of its subrogation lien under Policy One, when State Farm did not pay the full value of Youngs' claim under Policy Two, would unjustly enrich State Farm.

5

As we may "affirm on any legal theory supported by the evidence adduced at trial," *Trust No. 6011*, 967 N.E.2d at 14, we affirm the decision of the trial court.

Affirmed.

ROBB, C.J., and PYLE, J., concur.